[L. A. No. 4343. In Bank.—January 14, 1916.]

CHINO LAND & WATER CO. (a Corporation), Respondent, v. C. R. HAMAKER et al., Appellants.

CHINO LAND & WATER CO. (a Corporation), Respondent, v. C. R. HAMAKER et al., Appellants.

CHINO LAND & WATER CO. (a Corporation), Respondent, v. H. L. MOSS et al., Appellants.

CHINO LAND & WATER CO. (a Corporation), Respondent, v. JOHN K. CHALMERS et al., Appellants.

APPEAL—MOTION TO AFFIRM JUDGMENT PRIOR TO REGULAR ORDER FOR HEARING.—The supreme court will not entertain a motion to affirm a judgment appealed from, in advance of the regular order for hearing the appeal, on the mere ground that an inspection of the record discloses that in view of a recent decision of the United States supreme court the judgment must be affirmed.

MOTION to affirm certain judgments of the Superior Court of Orange County. W. H. Thomas, Judge.

The facts are stated in the opinion of the court.

Kimball Fletcher, Wm. A. Gaines, and D. J. Hinkley, for Appellants.

O'Melveny, Stevens & Millikin, and Walter K. Tuller, for Respondent.

CLXXI Cal.—44

ANGELLOTTI, C. J.—Plaintiff and respondent Chino Land & Water Company, a corporation, has made a motion that this court affirm the judgment in each of the above-entitled cases, which are presented upon a single transcript, upon the ground substantially that an inspection of the record discloses that in view of a certain recent decision of the United States supreme court, the judgments of the lower court must be affirmed. This motion is made long before the appeals are reached in regular order for hearing in this court, the real purpose of the motion being, of course, to advance the hearing of the appeals in this court, over many other appeals preceding them on our calendar, when there is in fact no good reason for such advancement. It is apparent that this is not a proper case for such action as is desired. Mere consideration of the motion necessarily involves a full examination of the record and briefs of counsel as to the merits of the appeal, precisely the same examination we would be compelled to make upon the hearing of the appeals on their merits when the cases are regularly reached for hearing. Such a course on our part in the matter of these appeals would be unfair to other litigants in this court whose appeals are entitled to priority in the matter of hearing, and would establish a precedent that would operate greatly to their disadvantage, for we would be confronted with many such motions, the mere consideration of which would occupy much time that should be devoted to the consideration of earlier cases. As we have suggested, the effect of such a practice would simply be to advance causes for hearing in preference to other causes, where no good reason for advancement exists, simply on the ground that it is asserted that the appeal is clearly without merit.

The motion is denied.

Sloss, J., Melvin, J., Shaw, J., Henshaw, J., and Lawlor, J., concurred.