[L. A. No. 9297. In Bank.—March 30, 1927.]

D. McKEON, Respondent, v. E. SAMBRANO et al., Defendants; JOHN LAPIQUE, Appellant.

[1] NOTICE—SERVICE—MAILING.—The service by mail authorized by section 1012 of the Code of Civil Procedure does not contemplate a delivery as a part of the service, where the service is made as provided by section 1013 of said code; and the fact that a notice of motion to dismiss an appeal alleged to have been served by mail was not received by the person upon whom it was to be served does not support the claim that an affidavit of mailing the notice was false and fraudulent.

[2] APPEAL—RECORD ON—REPORTER'S TRANSCRIPT.—An appeal from a judgment taken under the alternative method will not be dismissed upon the ground that the reporter's transcript is incomplete where the transcript contains the judgment-roll.

----

1. See 21 Cal. Jur. 565.

[3] Iᴅ.—Mᴏᴛɪᴏɴ ғᴏʀ Aғғɪʀᴍᴀɴᴄᴇ ᴏғ Jᴜᴅɢᴍᴇɴᴛ — Rᴜʟᴇ — Pʀᴀᴄᴛɪᴄᴇ.—
It is the practice of the supreme court ordinarily to deny a
motion for affirmance of the judgment appealed from for the
reason that consideration of such a motion necessarily involves
an examination of the record and briefs of counsel as to the
merits of the appeal resulting in the advancement of the hear-
ing of the particular appeal over many other appeals preceding
it on the calendar; but it is held that the motion in this case
may properly be considered and upon the consideration of the
same the judgment should be affirmed.

(1) 4 C. J., p. 600, n. 6 New.    (2) 4 C. J., p. 489, n. 36.    (3)
4 C. J., p. 1129, n. 55 New.

MOTION to dismiss an appeal from a judgment of the
Superior Court of Los Angeles County. E. P. Shortall,
Judge Presiding. Denied; motion to recall *remittitur* de-
nied; motion to affirm judgment granted.

The facts are stated in the opinion of the court.

John Lapique, *in pro. per.*, for Appellant.

Gus Hagenstein for Respondent.

THE COURT.—Three motions are presented herein for
determination. The respondent has made a motion to dis-
miss the appeal from the judgment and a motion to affirm
said judgment. The appellant, while opposing these motions,
presents on his own behalf a motion to recall the *remittitur*
heretofore issued by the clerk of this court upon the dis-
missal of four appeals from orders after judgment.

A summary statement of a few pertinent facts will be con-
ducive to a proper understanding of the questions of law
presented by these several motions. It appears that the ap-
pellant at one time had pending herein five appeals from as
many orders entered by the trial court in this foreclosure
proceeding. One of these several appeals was from the
judgment and decree of foreclosure while the remaining four
were from orders made and entered after said judgment.
Upon the calling of the December calendar of this court the
respondent made a motion, upon enumerated grounds, for the
dismissal of all five of said appeals. The record indicates
that the appellant failed to appear in opposition to said

motion and the same was thereupon granted as to the four appeals from the orders after judgment but denied as to the appeal from the judgment. At the next succeeding session of this court, held in March of this year, the respondent repeated his motion to dismiss the appeal from the judgment and, as stated above, also presented a motion for the affirmance of said judgment. The appellant, who appears herein *in propria persona*, was present in court upon the making of these latter motions and opposed the granting thereof. At this same time he made the motion, above referred to, for recall of the *remittitur* issued upon the earlier dismissal of the four appeals from the orders after judgment, urging in support thereof that he had not received notice of the making of the motion at the preceding session of the court and that the order of this court made at such time dismissing his said four appeals was secured by reason of fraud and imposition having been practiced by the respondent's counsel in having filed herein a false and fraudulent affidavit of mailing.

[1] In our opinion the appellant has failed to establish that the affidavit of mailing is false and fraudulent. There is nothing in the record herein which would tend to indicate that the notice of motion was not in fact properly addressed and mailed to the appellant. The mere circumstance that the appellant might not have received said notice of motion through the mail cannot lend support to his claim that the affidavit of mailing is false and fraudulent. Section 1012 of the Code of Civil Procedure indicates the circumstances under which service may be made by mail and section 1013 of the same code provides, among other things, that "the service is complete at the time of the deposit" in the mail. In *Heinlen* v. *Heilbron*, 94 Cal. 636, 640 [30 Pac. 8], this court declared that "The service by mail authorized by section 1012 does not contemplate a delivery as a part of the service, as is seen by the provision of section 1013 that 'the service is complete at the time of the deposit' in the postoffice." Other cases in which it has been held that service by mail is complete at the time of deposit in the postoffice and that the addressee incurs the risk of the failure of the mail are: *Griffin* v. *Board of Commrs.*, 20 S. D. 142 [104 N. W. 1117, 1119]; *Batchoff* v. *Butte etc. Co.*, 60 Mont. 179 [198 Pac. 132, 135], and *Jacobs* v. *Hooker*, 1 Barb. (N. Y.)

71. A perusal of the affidavit of mailing filed by respondent's counsel reveals that "the case is one in which such service is permitted, and that the mode pointed out by the statute for making such service has been strictly followed." (*Heinlen* v. *Heilbron, supra.*) The appellant's motion to recall the *remittitur* heretofore issued is therefore denied.

[2] This brings us to a consideration of the respondent's motion to dismiss the appeal from the judgment. In this connection it may be said that this motion appears to be but a renewal of the motion denied at the December session of the court. We perceive of no reason why the present motion should not also be denied, for it is grounded, as was the earlier motion, upon the claim that the appellant has failed to file herein a full and complete phonographic report of the trial. The transcript, however imperfect, contains the judgment-roll, and the appeal from the judgment having been taken under the alternative method may not be dismissed upon the ground that the "Reporter's Transcript" is incomplete. (*Locke-Paddon* v. *Locke-Paddon,* 194 Cal. 73, 77 [227 Pac. 715]; *Ramsay* v. *Rodgers,* 189 Cal. 100 [207 Pac. 516]; *Beckett* v. *Stuart,* 35 Cal. App. 796 [171 Pac. 107].) It follows, therefore, that the respondent's motion to dismiss the appeal from the judgment must be and the same is denied.

[3] There remains to be considered the respondent's further motion for affirmance of the judgment upon the ground that the appeal therefrom is a frivolous appeal. It is the practice of this court ordinarily to deny a motion for affirmance of the judgment appealed from for the very good reason that consideration of such a motion necessarily involves an examination of the record and briefs of counsel as to the merits of the appeal resulting in the advancement of the hearing of the particular appeal over many other appeals preceding it on our calendar. Such a course would obviously be unfair to other litigants in this court whose appeals are entitled to priority in the matter of hearing. (*Chino Land etc. Co.* v. *Hamaker,* 171 Cal. 689, 690 [154 Pac. 850].) We are of the opinion, however, in view of the several and oft-repeated motions presented herein which have to some extent familiarized us with the issues involved in this litigation, that this particular motion for affirmance of the

judgment may properly be considered without doing substantial injustice to other litigants.

An examination of the appellant's brief discloses that he is urging as grounds for reversal matters which, with one exception, were covered by the four appeals heretofore dismissed by this court. It thus appears that the appellant is attempting to prosecute the instant appeal, in the main, upon grounds not properly reviewable under it and which grounds have already been disposed of by the order of this court dismissing his four appeals abortively prosecuted from the orders after judgment. The only ground now urged for a reversal which has not at one time or another during the history of this litigation received the attention of the court is the contention that the complaint fails to state a cause of action and that the appellant's demurrer thereto was improperly overruled. A mere cursory glance at the complaint sufficiently indicates the correctness of the trial court's order. The appeal is clearly without merit and is a frivolous appeal. The judgment is, therefore, affirmed.