[L. A. No. 11242.    In Bank.—May 29, 1931.]

MARGARET LEWIS FEES, Appellant, **v.** COLUMBUS A. WILLIAMS, Respondent.

Lewis & Lehman for Appellant.

Gordon M. Gale for Respondent.

THE COURT.—Plaintiff appeals from a judgment in favor of defendants rendered by the trial court on the pleadings in an action to enjoin defendants from violating certain alleged building restrictions. Respondents failed to respond to an order to show cause and have not seen fit to file a brief herein.

The complainant alleges that on October 25, 1912, one Hattie B. Waite owned a certain described tract of real property; that on that date said Hattie B. Waite caused this tract to be subdivided into some forty lots, according to a recorded map; that pursuant to a purpose of creating uniform restrictions upon the use and improvement of such tract, Hattie B. Waite and her husband conveyed some of the lots to various purchasers, and, among others, conveyed fifteen lots to the Consolidated Securities Company by deed dated February 5, 1913, and duly recorded in 1914, a copy of which deed is attached to the complaint as an exhibit, and part of which is specifically pleaded; that de-

fendants became the owners of one of these fifteen lots by mesne conveyances, to wit, of lot 15; that plaintiff by mesne conveyances, become the owner of the adjoining lot numbered 14, and which lot is one of the fifteen lots theretofore conveyed to the Consolidated Securities Company; that each of the conveyances by which plaintiff and defendants derived title was subject to the reservations and restrictions found in the deed to the Consolidated Securities Company; that plaintiff and defendants had notice of such reservations and restrictions, and that plaintiff purchased her lot in reliance thereon; that defendants, through their son, have secured a permit to build an apartment house on lot 15, and are building the same in violation of the set-back restrictions found in the deed above referred to; that plaintiff has given defendants both oral and written notice of the fact that the erection of said apartment house is in violation of the restriction; that plaintiff has erected a residence on lot 14, in accordance with the restriction and in reliance thereon; that the restrictions mentioned were for the benefit of all the lot owners in the tract, and part of a general plan; that the erection by defendants of the apartment house in violation of the restriction will partially deprive plaintiff of her view of the street, and the back door of the apartment house will face plaintiff's front door.

The restrictions upon which plaintiff relies are to be found in the deed from Hattie B. Waite to the Consolidated Securities Company, and are specifically pleaded. As set forth in the deed attached to complaint, these restrictions are as follows:

"This deed is made and accepted and said real property is sold subject to the following restrictions and reservations, viz.: That no house shall be erected on the above described property costing less and reasonably worth the sum of $1500.00 and each house shall be set back at least twenty feet from any road or reservation made for street purposes in Tract 1987. That the property hereby deeded or any portion of the same shall not be sold, leased or rented to any person of African or Asiatic descent. Also subject to all the restrictions and reservations of record on the above property."

Defendants generally demurred to this complaint, and, upon the overruling of the demurrer, filed an answer, admit-

ting most of the allegations of the complaint, but denying that the deed set forth as part of the complaint, was executed in pursuance of a general plan of the subdivider, and denied that the restrictions quoted above were for the benefit of all the lots in the tract. Defendants duly moved for judgment on the pleadings, which motion was granted by the trial court.

It is our opinion that the trial court properly granted the motion, inasmuch as the complaint fails to state a cause of action. The sole point involved is whether, under the facts disclosed by the complaint, one lot owner in a tract can enforce a building restriction against another lot owner, between whom there is neither privity of contract nor privity of estate. The circumstances under which such equitable servitudes will be enforced are well settled in this state. The leading case on this subject, and the one that is determinative of this appeal, is *Werner* v. *Graham,* 181 Cal. 174 [183 Pac. 945]. In that case, among other things, it was specifically held that such servitudes will be enforced only when part of a general plan expressed in the deed, and when the deed expressly provides such restrictions are for the benefit of the other lots in the tract. ■ In other words unless specifically stated to be for the benefit of the other lot owners, such covenants or restrictions are enforceable only as between the orginal parties to the deed, or their heirs or assigns. The deed involved herein fails to mention the other lot owners in any way and, therefore, the restrictions contained therein cannot be enforced by one lot owner against another.

On the authority of *Werner* v. *Graham, supra,* it is held, therefore, that the restriction involved herein is not enforceable by this plaintiff against these defendants. (See, also, *McBride* v. *Freeman,* 191 Cal. 152 [215 Pac. 678]; *Martin* v. *Holm,* 197 Cal. 733 [242 Pac. 718].)

The judgment appealed from is affirmed.