[Sac. No. 6944.   In Bank.   Dec. 18, 1959.]

HARVEY W. LAWRENCE et al., Appellants, v. CITY OF SANTA ROSA et al., Respondents.

Dilley & Eymann and Kenneth Eymann for Appellants.

Richard B. Maxwell, City Attorney, Kirkbride, Wilson, Harzfeld & Wallace and Arthur J. Harzfeld for Respondents.

PETERS, J.—This appeal was taken over to be decided with *Maxwell* v. *City of Santa Rosa* (*ante*, p. 274 [1 Cal.Rptr. 334, 347 P.2d 678]). The two cases are not identical but the rules of law there set forth are here applicable.

This case arises out of a similar assessment district created by the same defendants as are involved in the Maxwell case. The plaintiffs herein are similarly property owners seeking to set aside the proceedings on equitable grounds, including a prayer for declaratory relief, injunction and mandamus. ■ But in the instant case the allegations of fraud in the original complaint with one amendment do not measure up to the rule requiring specific language descriptive of the acts relied upon to consitute fraud. (*Hannon* v. *Madden*, 214 Cal. 251, 257 [5 P.2d 4].) Therefore the complaint was demurrable. But the demurrer was sustained without leave to amend, the trial court stating, in writing, "In order that the matter might be presented to an appellate court without delay or further complication, the demurrer will be sustained without leave to amend." Thereupon judgment for defendants was entered and this appeal taken. It was an abuse of discretion not to grant leave to amend.

In their brief on appeal plaintiffs set forth certain matters which they wish to allege if given the opportunity to amend. Among these are specific allegations that a certain board member stated, in advance, that he had made up his mind to overrule the protests before he came to the hearing. Such an averment would supply the necessary allegations to constitute a cause of action for fraud, as held in the Maxwell opinion. Of course, if allowed to amend, plaintiffs should not be limited to those matters which they have suggested on appeal. We cannot say, anymore than the trial judge could have known, what additional allegations of specific fraud might be forthcoming.

Although the record does not indicate that appellants requested leave to amend, such omission is cured by the provisions of section 472c of the Code of Civil Procedure. In light of the obvious ability to amend, it was clearly an abuse of discretion to refuse to allow amendment.

For the reasons stated it is unnecessary to discuss plain-

tiffs' allegations concerning defendant city's contract with the State of California, and its attempt to use this assessment proceeding for the sole purpose of raising sufficient money to acquire the property. (See *Spring Street Co.* v. *City of Los Angeles,* 170 Cal. 24 [148 P. 217, L.R.A. 1918E 197].)

The judgment appealed from is reversed.

Gibson, C. J., Traynor, J., Schauer, J., Spence, J., McComb, J., and White, J. concurred.