[Civ. No. 9855. Third Dist. Feb. 27, 1961.]

ALVIN KING et al., Respondents, v. WILLIAM M. SNYDER et al., Appellants.

Wallace S. Myers, Robert P. Praetzel and Charles W. Pierce for Appellants.

Bruce B. Bruchler for Respondents.

PEEK, J.—This is an appeal by the defendants from an adverse judgment in an action instituted by plaintiffs for damages and injunctive relief based upon the alleged violations by defendants of certain restrictive covenants as set forth in a grant deed from Paul I. A. Runge and Helen S. Runge to the Lake County Title and Abstract Company, of Lots 1 to 63 inclusive of Lakewood Park Subdivision Number 1. The provisions of that deed pertinent to the issues here raised are as follows:

"SUBJECT to the following conditions, restrictions and reservations attached to this Grant, applying to all of the above described lands, and each and every part and parcel thereof, which shall, in each and every particular, be construed as running with the land"; . . .

"FOURTH: No camping, or tents, or temporary living quarters, shall be allowed on said lands or any portion thereof, saving and excepting during the construction period of improvements thereon, and in no event to exceed sixty days." . . .

"SIXTH: All lots in said Subdivision shall be restricted in their use to residents purposes, saving and excepting that Lots 13, 14, 15, 28, 29, 30, 41, 42, 43, 57, 58, 59, 60, 61, 62, and 63 may be used for either residents or for general business purposes.

"SEVENTH: This deed is made and accepted upon the conditions subsequent that in the event of the breach of any of the foregoing conditions, restrictions, or reservations by the Grantee or any person claiming under him as to the whole or any part of said above described lands, then, and in that event, the said premises hereinabove conveyed (or any portion thereof with respect to which said breach shall have occurred) shall revert to and become the property of said Grantors, their successors, or assigns.

"In addition to the right of reversion, the Grantors, their successors, or assigns, shall have the right to prevent any such breach or abate the same by injunction or other lawful means. The waiver of, or failure to enforce, any breach of any of said conditions, restrictions, or reservations shall not be construed as a waiver of any subsequent breach."

Plaintiffs King and Dixon took title to their lots by virtue of deeds which specifically were made subject to the conditions above set forth. The deed by which plaintiff Woods took title to his property was wholly silent as to such conditions. None of the deeds by which the defendants took title to their lots referred in any way to said provisions.

Plaintiffs, by their complaint, alleged that operation of a camp ground by defendants was in violation of said restrictive covenants relative to the use of the land, and prayed that such use be enjoined and that plaintiffs recover the damages caused them from the resulting depreciation of their property.

The trial court found that the restrictions were binding and that all purchasers of lots in the tract took title subject to said provisions. By its judgment the court permanently enjoined defendants from operating said camp ground and awarded damages to the plaintiffs in the sum of $3,500.

The sole question before us on appeal is whether the deeds to plaintiffs created equitable servitudes which they may enforce against defendants.

Plaintiffs' main argument in support of the judgment is that since the grantor made all of the described lands subject to the restrictions and provided that they should be "construed as running with the land," therefore, plaintiffs argue, "The restrictions were expressly made applicable to all lot owners . . ." Defendants, in answer, point out that there is an important distinction between restrictions imposed on the lots and the right of enforcement of those restrictions by the various lot owners; that therefore, when the grantors in Paragraph Seven of the deed provided that in the event of a breach in any of the conditions set forth the premises should "revert to and become the property of the Grantors, their successors, or assigns," they meant just that and not their grantees, their successors or assigns.

"The law is well settled in California, that the deed is the final and exclusive memorial of the intention and rights of the parties. [Citing cases.] Furthermore, any provisions of an instrument creating or claimed to create such a servitude will be strictly construed, any doubt being resolved in favor of the free use of the land." (*Wing* v. *Forest Lawn Cemetery Assn.*, 15 Cal.2d 472, 479 [101 P.2d 1099, 130 A.L.R. 120], citing *Werner* v. *Graham*, 181 Cal. 174, 181 [183 P. 945].)

Thus, ". . . if the parties desire to create mutual rights in real property of the character of those claimed here they must say so, and must say it in the only place where it can be given legal effect, namely, in the written instruments exchanged between them which constitute the final expression of their understanding." (*Werner* v. *Graham*, 181 Cal. 174, 185 [183 P. 945].) Or stated otherwise: ". . . unless specifically stated to be for the benefit of the other lot owners, such covenants or restrictions are enforceable only as between the

original parties to the deed, or their heirs or assigns. The deed involved herein fails to mention the other lot owners in any way and, therefore, the restrictions contained therein cannot be enforced by one lot owner against another." (*Fees* v. *Williams*, 212 Cal. 688, 690 [300 P. 30].)

When the particular provisions of the deed here in question are examined in light of the rules above enunciated, it becomes quite clear that the most which can be said of these provisions is that they created merely a personal right in the grantor alone.

By reason of what we have said in regard to defendants' primary contention, it becomes unnecessary to answer the other issues which are raised.

The judgment is reversed.

Van Dyke, P. J., and Schottky, J., concurred.