[L. A. No. 26304.   In Bank.   May 22, 1962.]

H. L. GOGERTY, Plaintiff and Appellant, v. COACHELLA
VALLEY JUNIOR COLLEGE DISTRICT, Defendant
and Respondent.

728

Cantillon & Cantillon, R. Michael Cantillon and James P. Cantillon for Plaintiff and Appellant.

Ray T. Sullivan, Jr., County Counsel, and Tilden L. Brooks, Deputy County Counsel, for Defendant and Respondent.

McCOMB, J.—From a judgment in favor of defendant, predicated upon the sustaining of its demurrer, without leave to amend, to plaintiff's fourth amended complaint in an

action to declare void and annul the selection and acquisition of a school site, plaintiff appeals.

Defendant has filed a notice of motion to dismiss the appeal on the grounds (1) that the appeal is devoid of merit and (2) that the question on appeal has become moot, since defendant has purchased the property and has spent considerable money toward the construction of buildings on it.

■ On a motion to dismiss an appeal where it is necessary to review the record, as it is in the present case, the motion will be denied, and any contention that the question has become moot will be considered on its merits. (*Reed* v. *Norman,* 48 Cal.2d 338, 342 [2] [309 P.2d 809]; *Johnson* v. *Sun Realty Co.,* 215 Cal. 382, 383 [1] [10 P.2d 460]; *Chino Land etc. Co.* v. *Hamaker,* 171 Cal. 689, 690 [154 P. 850].)

*Facts:* Plaintiff's fourth amended complaint alleged, in substance, as follows: That plaintiff is a taxpayer and resident of defendant Coachella Valley Junior College District, and brings this action in behalf of all other taxpayers of the district; that on August 6, 1959, defendant selected a certain site for the erection of a junior college, consisting of 160 acres; that such site is "located in close proximity to" a certificated airport (Palm Desert Airpark) and is "directly within" the governmentally approved landing and takeoff patterns of that airport, with resultant loud noise and potential danger, rendering the site useless and unsafe for an educational institution; that defendant proposes to purchase the site for $608,000 and expend $3,500,000 to erect a junior college thereon, raising the funds by issuance of school bonds; that pursuant to section 15005 of the Education Code defendant received a report on the proposed site from the Department of Education; that the report disapproved the site as "hazardous and useless from an educational standpoint," but that defendant failed to consider and evaluate such report; that defendant "always intended to acquire the site, regardless of what said reports advised" and obtained the report "only in an effort to ostensibly comply with legal mandates"; that each member of defendant's governing board received notice from the California Aeronautics Commission, the Riverside County Airport Commission, and the Federal Aviation Agency, stating that the site was "useless" and "unsafe" for erection of a school; and that other more suitable sites are available at a lesser price, one of which has been offered to defendant as a gift.

The complaint further alleges that by reason of this "predetermined plan and preconceived intent, [defendant] perpetrated a fraud upon the plaintiff and the public concerned in that it failed to give bona fide consideration to the said various reports before choosing such site, as required by law." The complaint prays that the selection and acquisition of the site be declared void, and that defendant be permanently enjoined from acquiring or developing the site with public funds.

Defendant demurred on the grounds (1) that the amended complaint does not state facts sufficient to constitute a cause of action and (2) that plaintiff has no legal capacity to sue.

*Questions:* First. *Has plaintiff the right, as an individual citizen and taxpayer, to maintain the present action?*

*Yes.* ■ These rules are here applicable:

(1) A taxpayer may sue a governmental body in a representative capacity in cases involving fraud, collusion, ultra vires, or failure on the part of the governmental body to perform a duty specifically enjoined. (*Silver* v. *City of Los Angeles, ante,* pp. 39, 40-41 [1] [17 Cal.Rptr. 379, 366 P.2d 651]; *Nickerson* v. *County of San Bernardino,* 179 Cal. 518, 522 et seq. [177 P. 465]; *Dunn* v. *Long Beach L. & W. Co.,* 114 Cal. 605, 609 [46 P. 607]; *Schaefer* v. *Berinstein,* 140 Cal.App.2d 278, 289 [12] [295 P.2d 113]; *Pratt* v. *Security Trust & Savings Bank,* 15 Cal.App.2d 630, 636 [1] [59 P.2d 862]; 18 McQuillin, Municipal Corporations (3d ed. 1950) § 52.07, p. 23; cf. 124 A.L.R. (1940) pp. 1238-1240.)

■ (2) On appeal from a judgment sustaining a demurrer to a complaint, the allegations of the complaint must be regarded as true, and it must be assumed that the plaintiff can prove all the facts as alleged. (*Schaefer* v. *Berinstein, supra,* 140 Cal.App.2d 278, 288 [2], [3].)

■ In the present complaint plaintiff has alleged that defendant acted fraudulently and always intended to acquire the site regardless of what the report obtained pursuant to the provisions of section 15005 of the Education Code disclosed; that such report was obtained only to ostensibly comply with the requirements of section 15005 of the Education Code; and that the predetermined plan to acquire the site regardless of the Department of Education's report and the refusal to consider or evaluate the report constitute a fraud on plaintiff.

Under the above-stated rules and the foregoing allegations of fact, plaintiff was entitled to maintain the present action.

Second. *Did the amended complaint state a cause of action?*
*Yes.* ▮▮▮ To plead fraud, nothing more is required than that the allegations be pleaded in specific language descriptive of the acts relied on to constitute fraud. (*Maxwell* v. *City of Santa Rosa,* 53 Cal.2d 274, 280 [8] [347 P.2d 678]; cf. *Lawrence* v. *City of Santa Rosa,* 53 Cal.2d 282, 283 [347 P.2d 683]; 23 Cal.Jur.2d (1955) Fraud and Deceit, §§ 64-65, pp. 156 et seq.)

Section 15005 of the Education Code provides, in part, as follows: "To promote the safety of pupils, comprehensive community planning, and greater educational usefulness of school sites, the governing board of each school district . . . before acquiring title to property for a new school site or for an addition to a present site, shall give the State Department of Education notice in writing of the proposed acquisition and shall submit any information required by the Department of Education.

"Immediately after receiving notice of the proposed acquisition of property which is within two miles, measured by air line, of that point on an airport boundary which is nearest the site, the Department of Education shall notify the California Aeronautics Commission, in writing, of the proposed acquisition. The California Aeronautics Commission shall make an investigation and report to the Department of Education within 25 days after receipt of the notice. . . .

"The State Department of Education shall investigate the proposed site and within 30 days after receipt of the notice shall submit to the governing board a written report and its recommendations concerning acquisition of the site. The governing board shall not acquire title to the property until the report of the State Department of Education has been received. If the report does not favor the acquisition of the property for a school site or an addition to a present school site, the governing board shall not acquire title to the property until 30 days after the department's report is received."

Section 15005 of the Education Code explicitly provides that it is "To promote the safety of pupils, comprehensive community planning, and greater educational usefulness of school sites" that the governing board of each school district *shall* obtain the specified report on the proposed site from the Department of Education.

The entire statute must be read in the light of that preamble and interpreted to achieve those ends.

While the statute here does not in so many words direct the defendant to hold a new hearing after receiving an adverse report from the department, it is clear from the quoted terms of the preamble—and no less so from the fact that defendant's members are charged with a vital public trust—that fair and unbiased consideration must be given to such report when it is received pursuant to section 15005. Otherwise the provisions requiring the securing of the report would direct an idle act.

Applying the above rules to the facts alleged in the present case, it appears that plaintiff has alleged that defendant fraudulently and collusively avoided compliance with the requirements of section 15005 of the Education Code. Therefore, a cause of action was stated against defendant, and the general demurrer should have been overruled.

*Potter* v. *City Council*, 102 Cal.App.2d 141 [227 P.2d 25], and *Wine* v. *Council of City of Los Angeles*, 177 Cal.App.2d 157 [2 Cal.Rptr. 94], relied on by defendant, are not applicable to the facts of the present case, for in each case no facts showing fraud, ultra vires, collusion, or a failure on the part of the governmental body to perform any specifically enjoined duty were alleged. In the present case the contrary is true.

Third. *Have the First and Second questions above discussed become moot as a result of defendant's having purchased the property involved and spent considerable money toward the construction of buildings on it?*

*No.* In the present case defendant district was aware from October 1959, and at all stages thereafter, that plaintiff was questioning its right to proceed with the construction and that the matter would have to be decided by the courts.

Therefore, it is not in a position at this late date to complain of an injury which it brought upon itself when it proceeded at its own peril to continue the construction of buildings upon the site before the courts had finally determined that it had a right to do so.

The motion to dismiss the appeal is denied, and the judgment is reversed.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., White, J., and Dooling, J., concurred.