[Civ. No. 7926.   Fourth Dist., Div. One.   Aug. 15, 1966.]

J. BURRITT SMITH et al., Plaintiffs and Appellants, v. LOWELL O. NORTH et al., Defendants and Respondents.

246

Burch, Gregory & Platt and Charles E. Burch, Jr., for Plaintiffs and Appellants.

Jack L. Oatman, John D. Butler and Robert C. Baxley for Defendants and Respondents.

COUGHLIN, Acting P. J.—Plaintiffs appeal from a judgment denying an injunction to restrain defendants from building a proposed dwelling which plaintiffs allege would violate tract building restrictions.

Plaintiffs and defendants are the owners, respectively, of Lots 26 and 9 in "Yacht Club Terrace," a Point Loma subdivision. Lot 26 is deeper than Lot 9; partly adjoins the latter; and lies in a general northwesterly direction therefrom. Both of these and other lots in Yacht Club Terrace are hillside residential sites having a view of a yacht harbor in San Diego Bay. Ownership of the lots in this subdivision is subject to building restrictions common to the tract which are set forth in a declaration of record. Pertinent to the issues at hand is the following restriction:

"That no dwelling shall be erected or maintained on any of said lots which shall have a minimum floor surface, exclusive of any portion used for a garage . . . of less than 1800 square feet for dwellings erected on Lots 9 to 16 inclusive, and on Lots 26 to 28 inclusive. . . .

"No dwelling shall have a ground-floor area of less than 1200 square feet or contain more than one floor above the ground floor.

". . . . . . . . . . . .

"For the purpose of interpreting this provision, 'ground floor' shall mean the floor of a dwelling nearest to the level of the street in front of the lot on which said dwelling is erected."

The declaration concludes with the recital:

"The above and foregoing restrictions are hereby imposed on said real property to the end that the buildings erected thereon may be in architectural harmony each with the other, thereby assuring a desirable type of community development. The general architectural style which will be encouraged by the Owner shall be that which is somewhat rambling in character, with the general plan in harmony with gardens and patios and giving special import to the view angle. . . ."

▮▮▮ Defendants propose to build a dwelling on Lot 9 which plaintiffs allege would violate the restriction that "no dwelling shall . . . contain more than one floor above the ground floor." The declaration of building restrictions provided for the submission to and approval by the owner-subdivider, or a committee appointed by him, of any proposed building prior to construction. Defendants submitted their plans to an architect known as "the successor to the owners' committee" who, after some changes, approved them. As proposed, the contemplated structure consisted of a garage, the floor of which at the front was 6 inches above street level and at the rear was 9 feet below the finished grade of the property; above this was a floor designated as a play room and children's bedroom; immediately above the latter was a dining room and kitchen; adjoining the play room at a lower level to the west was a master bedroom; and above the latter was a living room adjoining the dining room at a lower level. A plan that provides for adjoining rooms at different levels is known as a split-level design.

Plaintiffs contend the proposed dwelling consists of five floors instead of two, claiming the garage and each of the levels constitute separate floors; also, even assuming the rooms on each split-level are on one floor, the dwelling, including the garage, consists of three floors; and that in either event the proposed dwelling does not conform to the aforesaid restriction. Defendants contend that, within the meaning of the declaration imposing this restriction, a split-level consti-

tutes one floor; the floor upon which the master bedroom, play room and children's bedroom are situated is the first floor of the dwelling rather than the floor of the garage; and for this reason the dwelling does not have "more than one floor above the ground floor." The judgment denying injunctive relief is premised upon findings in accord with defendants' contentions.

■ Restrictive covenants are construed strictly against the person seeking to enforce them (*Firth* v. *Marovich,* 160 Cal. 257, 261 [116 P. 729, Ann. Cas. 1912D 1190]; *Howard Homes, Inc.* v. *Guttman,* 190 Cal.App.2d 526, 532 [12 Cal.Rptr. 244]; gen. see 26 Cal.Jur.2d 1094-1102); ■ where subject to more than one interpretation, that construction consonant with the unencumbered use of the property will be adopted (*Wing* v. *Forest Lawn Cemetery Assn.,* 15 Cal.2d 472, 480 [101 P.2d 1099, 130 A.L.R. 120]; *Werner* v. *Graham,* 181 Cal. 174, 181 [183 P. 945]; *Anderson* v. *Pacific Avenue Inv. Co.,* 201 Cal. App.2d 260, 264 [19 Cal.Rptr. 829]; *King* v. *Snyder,* 189 Cal. App.2d 482, 484 [11 Cal.Rptr. 328]; *Sackett* v. *Los Angeles City School Dist.,* 118 Cal.App. 254, 257 [5 P.2d 23]); any doubt therein is resolved against enforcement of the restriction (*Anderson* v. *Pacific Avenue Inv. Co., supra,* 201 Cal.App.2d 260, 264; *Walker* v. *Haslett,* 44 Cal.App. 394, 398 [186 P. 622]); ■ and, in ascertaining the intent of the language expressing such the court should look to the purpose for which the restriction was imposed. (*Universal Sales Corp.* v. *California etc. Mfg. Co.,* 20 Cal.2d 751, 761 [128 P.2d 665]; *Barham* v. *Barham,* 33 Cal.2d 416, 423 [202 P.2d 289]; *Carl Ingalls, Inc.* v. *Hartford Fire Ins. Co.,* 137 Cal.App. 741, 746 [31 P.2d 414].)

■ The stated as well as the obvious purpose of the covenant restricting the number of floors in dwellings on lots in the subject subdivision was to minimize their obstruction to the view. However, no specific minimum elevation was prescribed. Defendants' proposed dwelling would not obstruct plaintiffs' view any less were the living room and master bedroom floor levels raised, respectively, to that of the dining room and play room. To the contrary, were the split-level design eliminated in favor of a single level, the first of which would be located immediately above the garage, it would be necessary to raise the roof above the living room and master bedroom area which would result in a further obstruction to the view. Nothing in the building restrictions requires defendants to place the ground floor of their dwelling at an elevation

lower than that proposed for the play room and children's bedroom. Likewise, were the garage area not excavated and used for a garage purpose but permitted to remain as unused space underneath the play room and children's bedroom floor, plaintiffs' view would not be any less obstructed. Nothing in the building restrictions requires plaintiffs to excavate that area and place the first floor of their dwelling where the proposed garage floor would be located.

Two architects called as witnesses by defendants testified, in substance, that neither the split-level design nor inclusion of a garage under the play room and children's bedroom floor violates the restriction limiting a dwelling to one floor above the ground floor; each split-level constitutes one floor; the proposed garage is not a part of the dwelling, as such, but an "appendage" or "adjunct" thereto; that the garage space, being more than 50 percent below the average grade, is a basement, and does not constitute a story as defined by the Uniform Building Code; and, for these reasons, the first split-level floor of the dwelling constitutes the ground floor thereof. Two architects called as witnesses by plaintiffs testified to the contrary.

The subject restriction is directed to a "dwelling." Plaintiffs contend the dwelling included the garage space, even though the latter was not to be considered a part of the area necessary to comply with the covenant requiring a dwelling on the subject lot to have a minimum floor surface of 1800 square feet. Defendants contend a "dwelling" within the meaning of the multiple level restriction, under the circumstances of this case, as testified by their architects, does not include the garage. These contentions are premised upon conflicting interpretations of the covenant. The trial court concluded, in substance, the restriction proscribing "more than one floor above the ground floor" is directed to the dwelling area of the structure; the basement-garage of the proposed structure on defendants' lot is not a part of that dwelling area; and the ground floor of the "dwelling," for the purpose of determining the number of floors therein, is the lower split-level. In light of the fact the proposed dwelling would not obstruct the view from plaintiffs' lot any more than it would obstruct such were the space under the first level not used as a garage, the conclusion reached conforms to the law in the premises directing a construction of restrictive covenants in light of their purpose and in favor of the free use of property. The construction adopted by the trial court was correct. (Cf. *Al*-

*derson* v. *Cutting*, 163 Cal. 503, 505 [126 P. 157, Ann. Cas. 1914A 1].)

Defendants moved for dismissal of this appeal upon the ground that since its institution the proposed dwelling had been completed, and for this reason the appeal is moot. There is no merit to this contention. (*Gogerty* v. *Coachella Valley Junior College Dist.*, 57 Cal.2d 727, 732 [21 Cal.Rptr. 806, 371 P.2d 582].)

The motion to dismiss is denied. The judgment is affirmed.

Whelan, J., and Bray, J.,* concurred.

———
*Retired Presiding Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.