[Civ. No. 30567. Second Dist., Div. Four. July 6, 1967.]

JAMES R. LUSK et al., Plaintiffs and Appellants, v. COMPTON CITY SCHOOL BOARD OF EDUCATION, Defendant and Respondent.

Herman T. Smith for Plaintiffs and Appellants.

Harold W. Kennedy, County Counsel, and Raymond W. Schneider, Deputy County Counsel, for Defendant and Respondent.

BISHOP, J. pro tem.*—The defendant school board, headed toward the acquisition of a school site within two miles of an airport, had its plans brought under review by this action, commenced by some residents and taxpayers of the school district, who sought a judgment declaring the selection and acquisition of the proposed site void, and enjoined. A demurrer to the complaint, already once amended, was sustained without leave to amend, and in due course a judgment of dismissal followed. Many of the plaintiffs joined in an appeal from the judgment. ▮▮ We are unable to distinguish this case, at its crucial point, from *Gogerty* v. *Coachella Valley Junior College Dist.* (1962) 57 Cal.2d 727 [21 Cal.Rptr. 806, 371 P.2d 582], and for that reason are reversing the judgment.

The circumstance that the proposed site for the new school is within two miles of an airport makes sections 15005 and 15005.5 of the state Education Code applicable to defendant's program, as well as section 15004. Section 15005, at the time of the events covered in the *Gogerty* case, and at the time of those with which our complaint is concerned, began with this sentence: "To promote the safety of pupils, comprehensive community planning, and greater educational usefulness of school sites, the governing board of each school district, including districts governed by a city board of education if the proposed site is within two miles, measured by air line, of that point on an airport boundary . . . before acquiring title to property for a new school site . . . shall give the State Department of Education notice in writing of the proposed acquisition. . . ."

We infer that the direction of this sentence was complied with, for the sixth paragraph of the amended complaint relates that the defendant school board had received, from the Department of Education, a report from the Civil Aeronautics Commission, which it (the department) had selected to investigate and report regarding "the possible hazardous conditions which might result from locating a school" as proposed. The report, the paragraph concluded, "found said site to be hazardous and that it would be disturbed by frequent noise from low flying aircraft." The Department of Education, the complaint then states, wrote the defendant, on January 7, 1965, "relating the unfavorable report by the Civil

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

Aeronautics Division and requested further study by the defendant and the Board of Education. . . .''

In 1961, after the events that gave rise to the *Gogerty* case, a provision affecting our problem was added to the Education Code by an amendment to section 15005, largely repeated in a new section, 15005.5. That provision directed that, if the report of the State Department of Education ''does not favor the acquisition of the property for a school site'' the school board shall not acquire title to the property until 30 days after the report is received *and* ''until the department's report has been read at a public hearing duly called after 10 days' notice by publication in a newspaper. . . .'' With respect to this requirement the amended complaint alleges that a public hearing was held on March 22, 1965, at which testimony was presented ''by the taxpayers,'' and ''that the testimony was overwhelmingly against the plans to purchase said school site,'' but that, following the hearing, the defendant passed a resolution directing the staff of the district to proceed with the original plan.

At the hearing of the demurrer to the original complaint, two exhibits were received in evidence, photo-copies of two letters in the defendant's files. One is dated November 13, 1964, signed by the Planning Director of the Planning Department of the City of Compton, and advised that the Compton Planning Commission recommends that the defendant acquire the site it planned to obtain. The other, dated April 5, 1965, on the stationery of the State Department of Education, advised the defendant board that the department approves the acquisition of the property involved in this action. The letter concludes with this sentence : ''Please note the responsibilities of the school district under Section 15004.'' Assuming that the amended complaint may be considered embellished by the addition of these two letters, judicially noticed (see *Stanton* v. *Dumke* (1966) 64 Cal.2d 199, 201-202 [49 Cal.Rptr. 380, 382, 411 P.2d 108]), we consider their effect. The first one touches on a matter not mentioned in the pleading under attack, the requirement of section 15004 that a school board, before acquiring property for a new school site, shall give the planning commission having jurisdiction, notice of its plans. From the first letter it appears that this requirement of the law had been met. The obvious purpose of the second was to bolster the position taken by the defendant, that of going ahead to acquire the site it set out to obtain. Neither hurt defendant's cause.

We indicated in our opening paragraph that we find the Supreme Court opinion in *Gogerty* v. *Coachella Valley Junior College Dist.* requires a reversal of the judgment in this case. We turn to that case, where we find the plaintiff a taxpayer and resident of a junior college district, the governing body of which, in August of 1952, had selected a site for the erection of a junior college, located close to an airport. The governing body had received a very unfavorable report on the project from the Department of Education, and likewise a very adverse report from the California Aeronautics Commission and some other like agencies. Nevertheless, it was going ahead and the plaintiff sought a judgment to declare void and annul the selection and acquisition of the school site. A demurrer was sustained to the complaint without leave to amend.

Early in its opinion (57 Cal.2d 728 [21 Cal.Rptr. 808, 371 P.2d 584]), the Supreme Court gave an affirmative answer to the question: ''Has plaintiff the right, as an individual citizen and taxpayer, to maintain the present action?'' The plaintiffs in this case, who are residents and taxpayers of the Compton School District, come within the statement made by the Supreme Court in support of its answer: ''A taxpayer may sue a governmental body in a representative capacity in cases involving *fraud* . . . on the part of the governmental body to perform a duty specifically enjoined.''

 We added emphasis to the word ''fraud'' because that is the thought that governs what follows. Shortly after the words quoted, the Supreme Court continued: ''In the present complaint plaintiff has alleged that defendant acted fraudulently and always intended to acquire the site regardless of what the report obtained pursuant to the provision of section 15005 of the Education Code disclosed; that such report was obtained only to ostensibly comply with the requirements of section 15005 of the Education Code; and that the predetermined plan to acquire the site regardless of the Department of Education report and the refusal to consider or evaluate the report constitute a fraud on plaintiff.'' After a bit more discussion, and quoting section 15005, the Supreme Court sums up: (57 Cal.2d 732 [21 Cal.Rptr. 809, 371 P.2d 585]): ''Applying the above rules to the facts alleged in the present case, it appears that plaintiff has alleged that defendant fraudulently and collusively avoided compliance with the requirements of section 15005 of the Education Code. There-

fore, a cause of action was stated against defendant, and the general demurrer should have been overruled.''

Looking now, at the allegations of our complaint respecting the public hearing, one of the methods required by the Legislature to insure that city boards of education come to their final conclusions wisely, we read:

## ''VIII

''That on March 22, 1965, the defendant held a public hearing in compliance with the provisions of Section 15005.5 of the Education Code and following this hearing, the defendant passed a resolution directing the staff of the district to proceed with the original plan to purchase said property herein before mentioned for a new elementary school.

## IX

''That testimony was presented by the taxpayers at the public hearing against the plans to purchase said school site. That the testimony was overwhelmingly against the plans to purchase said school site that is directly under the flight pattern of the Compton Airport. . . .

## XI

''That the defendant failed to consider and evaluate the consensus of opinion adduced at the public hearing and that the defendant always intended to acquire the site regardless of what happened at the public hearing and that said public hearing was held only in an effort to ostensibly comply with legal mandates. . . .

## XIII

''That by reason of this predetermined plan and preconceived intent, defendant perpetrated a fraud upon the plaintiffs and the public concerned in that it failed to give bona fide consideration to the said various reports and the consensus of opinion adduced at the public hearing before choosing said site, as required by law.''

Plagiarism is sometimes justified. We repeat as ours the words of the Supreme Court: '' [I]t appears that plaintiffs have alleged that defendant fraudulently . . . avoided compliance with the requirements of section 15005 of the Education Code. Therefore, a cause of action was stated against defendant and the general demurrer should have been overruled.''

The judgment is reversed with directions to overrule the demurrer to the first amended complaint.

Jefferson, Acting P. J., and Kingsley, J., concurred.

A petition for a rehearing was denied August 3, 1967, and respondent's petition for a hearing by the Supreme Court was denied October 4, 1967. Peters, J., Mosk, J., and Burke, J., were of the opinion that the petition should be granted.