[Civ. Nos. 34349, 34539. Second Dist., Div. One. Dec. 22, 1969.]

SELBY REALTY COMPANY, Plaintiff and Respondent, v.
ROBERT O'BANNON, as Chief, etc., et al., Defendants and Appellants.

(Two Cases.)

**COUNSEL**

Herbert L. Ashby, County Counsel, Edwin M. Osborne and John W. Wissinger, Assistant County Counsel, for Defendants and Appellants.

William T. Selby and Harry T. Straitiff for Plaintiff and Respondent.

**OPINION**

**THOMPSON, J.**—Respondents, having been denied a building permit by appellants, sought a writ of mandate from the superior court compelling the issuance of the permit. The matter was tried upon an agreed statement of facts embodied in a pretrial order and evidence consisting of portions of the Ventura County ordinances dealing with building permits and zoning.

*Facts*

Respondent owns a parcel of real property in Ventura County. The property is located in an area which at all times here material has been zoned as "M-3 General Industrial District." In 1954, respondent constructed a service station and incidental improvements on the property. The construction constituted a use of the land conforming to the applicable zoning law.

On July 23, 1968, respondent applied to appellants for a building permit authorizing the construction upon the property of an additional structure to be used for the servicing of motor vehicles as a "reasonable expansion" of the established use. Respondent tendered the required application fee. No "development plan" of the property had been approved by the county and none was presented for approval. "Exclusive of the question as to whether such approval was a condition precedent to the right of [respondent] to have such a permit issued, [the] application for a building permit complied with all requirements of the County of Ventura and obligated the [appellants] to issue the building permit."

The Ventura County Ordinance Code adopted May 14, 1968, contains the following provisions among others. Section 8165-0 states in pertinent part: "All departments, officials, or public employees vested with the duty or authority to issue permits, licenses or certificates shall conform to the provisions of this ordinance. No such license, certificate or permit, . . . for uses, buildings or purposes shall be issued where the same would be in conflict with the provisions of this Chapter."[1] Section 8141-5.1 which is contained in the same chapter (chapter 1, division eight) as the previously quoted section states in pertinent part: "Administrative review of a Development Plan, . . . shall be required prior to the issuance of a Building Permit." Section 8141-5.5.7, which is in the same chapter states in pertinent part: "Between the time zoning is approved and a building permit is issued, a development plan, subdivision and/or land division approval shall be obtained for such property where no such approval had been previously obtained, . . ." Section 8141-5.7.1 also provides in part: "Where no subdivision or other type of land division is required, a development plan shall be prepared and submitted for approval in accordance with the procedures described herein. In such cases, the applicant is encouraged to

---

[1] After respondent's application for a building permit had been refused and after it had filed its petition for writ of mandate in the superior court, section 8165-0 was amended to add the following language: "No license, certificate or permit, . . . for uses, buildings or purposes subject to regulations of this Chapter shall be issued unless a Zoning Clearance has been issued by the Planning Department. . . ." In view of the conclusions reached in this opinion, we need not consider the issue of the applicability of the amendment to the case at bench.

submit the development plan considerably prior to application for a Building Permit in the interest of expediency in processing the Zoning Clearance and Building Permit. . . . Four sets of plans are required for a Zoning Clearance and Building Permit application and shall be submitted to the Planning Department staff. . . ." Section 8141-5.4 sets forth the information required in a "Development Plan." That information includes topography. grading, accessibility, street and rail patterns, major drainage and flood control facilities, distances to water and sewerage service, proposed source of water, and proposed source of sewage disposal.[2]

The trial court issued a peremptory writ of mandate compelling appellants to issue a building permit to respondent. Appellants filed their notice of appeal from the judgment ordering the writ. Respondent then moved in the trial court for an "order fining or imprisoning respondents [appellants]" for disobeying the writ of mandate. The trial court ordered: "that said motion be granted unless the building permit is issued by the defendant before the close of business this date [February 17, 1969] without prejudice to further proceedings on the part of the petitioner." Appellants, to comply with the order, issued a building permit. Respondent, pursuant to Code of Civil Procedure section 1110b then moved for an order that the pending appeal from the judgment and peremptory writ of mandate should not operate to stay the execution of the writ. On March 3 the trial court granted that motion. Appellants filed their notice of appeal from the order of March 3.

## Issues on Appeal

Appellants' brief contends: (1) the Ventura County ordinance requires the approval of a development plan as a prerequisite to the issuance of a building permit and respondent did not comply with the steps necessary to that prerequisite; (2) respondent failed to exhaust its administrative remedies prior to seeking the writ of mandate from the trial court; and (3) the trial court erred in ordering that appeal from its judgment and peremptory writ of mandate should not stay execution of the writ. Respondent resists those contentions and affirmatively contends that the requirements of the ordinance for review and approval of a development plan prior to the issuance of a building permit are invalid because of an overly broad delegation of legislative authority. Respondent also contends that this appeal is moot.

[2]Both appellants and respondent refer to section 3103-2 of the Ventura County ordinance. That section was not offered in evidence and no request was made that judicial notice be taken of it. Section 3103-2 is thus not properly a part of the record. (*City of Oakland* v. *Brock,* 8 Cal.2d 639 [67 P.2d 344]; Evid. Code, § 452, subd. (b).)

### Requirement of Approval of a Development
### Plan as a Prerequisite to a Building Permit

■ We view the pertinent provisions of chapter 1, division eight, of the Ventura County Ordinance Code as requiring the submission and approval of a "development plan" as a prerequisite to the issuance of a building permit. Section 8141-5.7 requires that a development plan be submitted and states unequivocally that "Between the time zoning is approved and a building permit is issued, a development plan, . . . approval shall be obtained. . . ."

The record in the case at bench discloses that respondent did not submit a development plan and that none was approved. Consequently there was no duty on the part of appellants to issue a building permit. The trial court erred in seeking to enforce performance of the nonexistent duty of appellants to issue a building permit.[3]

We are not persuaded by respondent's argument that the general requirements of the ordinance with respect to submission and approval of development plans are not applicable to the improvements made by it. Respondent contends that the requirements apply only to "industrial developments" and that the construction of an additional structure to be used for the servicing of motor vehicles as a reasonable expansion of an established use for the same purpose is not an industrial development. It bases that contention upon the provisions of section 8141-5.1 of the ordinance. That section states in part: "Industrial development carried out in all industrial districts under the provisions of these regulations shall follow the procedures for change of zone, approval of Conditionally Permitted Uses, and subdivision or other land division, where necessary, as prescribed by these regulations. . . . Administrative review of a Development Plan, . . . shall be required prior to the issuance of a Building Permit." Appellant argues that section 8141-5.1 evidences an intent that "industrial development" refers only to subdivision and related activity on land to be used for industrial purposes.

We do not construe the ordinance as so limited. While it covers the subject of subdivision, it also specifically states in section 8141-5.7.1, "Where no subdivision or other type of land division is required, a development plan shall be prepared and submitted. . . ." We concluded, therefore, that "industrial development" as used in section 8141-5.1 of the ordinance fairly construed includes construction of a building conforming to the pertinent industrial zoning. Such is the type of improvement contemplated by appellant.

---

[3]The cases cited by respondent to the contrary are distinguishable. Each involves an ordinance requiring issuance of a building permit without regard to zoning compliance.

## ·Validity of Ordinance

█ Respondent contends in its brief that in any event the applicable ordinance is an overly broad delegation of legislative power to an administrative agency. The contention is based upon the provisions of section 8141-5.5 of the ordinance dealing with development plan review. That section provides in pertinent part: ". . . development conditions shall be prescribed by the County agencies involved in accordance with . . . County ordinances and policies. . . ." Respondent argues that the reference to "policies" is so broad as to delegate the authority to impose development conditions without the establishment of a standard by which that authority is to be exercised. (See *Agnew* v. *Culver City,* 147 Cal.App.2d 144 [304 P.2d 788].)

We conclude that the standards established by the ordinance for review and approval of development plans are adequate. The ordinance itself contains approximately 29 sections covering six pages defining and dealing with "development standards." Of those 29 sections, 21 deal with specific development standards.[4] Two of the 21 sections refer to standards to be applied in reference to "policy." In one of those sections, specific and detailed standards for the adoption of "industrial access policies" by the Ventura County Department of Public Works are in turn set forth. In the other, policy with respect to private streets is specifically to be determined in accordance with "the private street policy adopted by the Board of Supervisors on May 6, 1966, and as may be amended."[5] We conclude that the reference to "policy" in the general section 8141-5.5 is not to "policy" in gross but rather to the use of the word "policy" in the two instances of specific development standards. So construed, the delegation by the ordinance of the power to review and approve development plans has been made with adequate standards governing the exercise of the power.

## Exhaustion of Administrative Remedy

█ Appellants also contend that the trial court erred in not requiring

---

[4]Sec. 8141-4.5 Placement of Wire Service Utilities; Sec. 8141-4.6 Access to Property; Sec. 8141-4.7 Private Streets Permitted; Sec. 8141-4.9 Lot Area; Sec. 8141-4.10 Yard from Street; Sec. 8141-4.11 Interior Yard; Sec. 8141-4.12 Yards, Transitional Conditions; Sec. 8141-4.13 Use of Required Yard Areas; Sec. 8141-4.14 Landscaping; Sec. 8141-4.15 Enclosure of Activities; Sec. 8141-4.16 Outside Storage or Operations Yards; Sec. 8141-4.17 Building Coverage; Sec. 8141-4.18 Building Height; Sec. 8141-4.19 Multi-Tenant Buildings; Sec. 8141-4.20 Off-Street Parking; Sec. 8141-4.20.1 Parking in Relation to Number of Personnel; Sec. 8141-4.20.2 Parking in Relation to Floor Area; Sec. 8141-4.20.3 Off-Site Parking; Sec. 8141-4.20.4 Off-Street Loading; Sec. 8141-4.21 Construction Materials; Sec. 8141-4.22 Improvement and Maintenance of Yards and Open Areas.

[5]Respondent argues on brief that the "private street policy" purportedly adopted May 6, 1966, was improperly adopted and is itself constitutionally vague. The record, however, is silent on the May 6, 1966, action of the board of supervisors.

that respondent exhaust its administrative remedies before filing its action in the superior court. We reject this contention because error, if any, in this regard was invited by appellants. Appellants' counsel stipulated at the trial on the petition for writ of mandate that administrative appeal "does not apply in this case."[6]

### Contention that Appeal Moot

■ Appellants appeal not only from the trial court's issuance of the peremptory writ of mandate but also from its order that the appeal did not stay execution of the writ. That order is, however, one of limited duration. Its effect terminates with the conclusion of the basic litigation. We conclude, therefore, that the issues raised by the appeal from that order are now moot and accordingly dismiss that appeal.

Respondent would extend the doctrine of mootness to the appeal from the judgment granting the writ of mandate. It argues that it has exercised its rights under the building permit issued pursuant to the peremptory writ and has constructed the improvement there authorized. That argument is untenable. Respondent was aware when it constructed the building that the judgment of the trial court was not final and therefore proceeded at its own risk. (*Gogerty* v. *Coachella Valley Jr. College Dist.,* 57 Cal.2d 727 [21 Cal.Rptr. 806, 371 P.2d 582]; *Smith* v. *North,* 244 Cal.App.2d 245 [53 Cal.Rptr. 94]; see also *Broadway, Laguna, Vallejo Assn.* v. *Board of Permit Appeals of the City & County of San Francisco,* 66 Cal.2d 767 [59 Cal.Rptr. 146, 427 P.2d 810].)

The judgment granting the peremptory writ of mandate is reversed. The appeal from the order that appeal from the judgment does not stay execution of the writ is dismissed.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied January 15, 1970, and respondent's petition for a hearing by the Supreme Court was denied February 18, 1970.

---

[6]We express no opinion whether the stipulation correctly expresses the law. (See §§ 8163-1 and 8163-1.4 of the ordinance.)