[L. A. No. 94.   Department Two.—October 24, 1896.]

## JAMES C. DUNN, APPELLANT, v. THE LONG BEACH LAND AND WATER COMPANY ET AL., RESPONDENTS.

MUNICIPAL CORPORATIONS—DISCRETION OF GOVERNING BODY—ACTION BY CITIZEN AND TAXPAYER.—A municipality, through its governing body, has control of the property and general supervision over the ordinary business of the corporation; and where the thing in question is within the discretion of the governing body, to do or not to do, neither the state nor any private citizen can question the action or nonaction of such body by any judicial proceeding; and a citizen and taxpayer cannot maintain an action to protect the interests of the municipality when there is no immediate duty enjoined upon the governing body of the municipality to bring a similar action, but they have discretion to refuse to bring it.

ID.—PRIVATE CLAIM TO PUBLIC STREET — COMPROMISE — CONVEYANCE OF OTHER LANDS TO CITY—QUIETING TITLE—DEFAULT OF CITY—PUBLIC USE OF STREET — DISCRETION OF CITY AUTHORITIES — SUIT BY TAXPAYER.—Where a water company asserted a claim against a city to land dedicated as a public street, and, upon a compromise with the city, its trustees accepted a conveyance of other lands and ways from the water company, and permitted a default of the city in an action by the water company to quiet its title to the land dedicated as a street, but the street was not in fact closed or its use obstructed, the city authorities have discretion to refuse to bring an action to set aside the compromise and judgment, and it seems that they could not maintain such action without restitution of the lands and ways conveyed to the city by the water company; and no taxpayer can maintain an action to have such judgment canceled and the title of the city to the street quieted.

APPEAL from a judgment of the Superior Court of Los Angeles County.   WALDO M. YORK, Judge.

The facts are stated in the opinion of the court.

*W. Pollard, Wells & Lee*, and *S. P. Mulford*, for Appellants.

The complaint states facts sufficient to constitute a cause of action, and plaintiff has a right to maintain the action.   (*San Francisco* v. *Itsell*, 80 Cal. 57; 2 Dillon on Municipal Corporations, 3d ed., secs. 915–22; *Normand* v. *Otoe County*, 8 Neb. 21, and cases cited; *Eby* v. *School Trustees*, 87 Cal. 175; *Gibson* v. *Trinity County*, 80 Cal. 359; 1 Beach on Public Corporations, secs. 631, 633;

*Briggs* v. *Borden*, 71 Mich. 87; *Brockman* v. *Creston*, 79 Iowa, 587; *Crampton* v. *Zabriskie*, 101 U. S. 601.)

*Silent & Campbell*, for Respondent Long Beach Land and Water Company.

The complaint states no cause of action. A public body authorized to bring a suit necessarily has the widest possible discretion as to the wisdom of bringing it. (Code Civ. Proc., sec. 738; Dillon on Municipal Corporations, sec. 94.) The right of a taxpayer to commence civil actions to remedy public wrongs exists only where there is a flagrant violation of public duty on the part of the authorities. (Dillon on Municipal Corporations, 3d ed., secs. 912, 914, 917, 919–22; *Maxwell* v. *Supervisors*, 53 Cal. 389; *Aram* v. *Schallenberger*, 41 Cal. 449; *Hargro* v. *Hodgdon*, 89 Cal. 623; *San Jose Ranch Co.* v. *Brooks*, 74 Cal. 463.)

*A. B. Hotchkiss*, for Respondent Long Beach Development Company.

There is no averment that any defendant threatens to interfere with plaintiff's or any other taxpayer's use of the property, or to create or maintain a nuisance on said property, and all the acts charged to have been done by "a majority of the city trustees" of Long Beach toward the compromise and collusive judgment with the Long Beach Land and Water Company, being averred to be *ultra vires* and void, it must be that no injury can arise to plaintiff or any one by reason of said acts sufficient to constitute a cause of action for him to sue upon in equity. (*McCoy* v. *Briant*, 53 Cal. 247.) A private person can only maintain an action for a public nuisance where it is specially injurious to himself. (Civ. Code, sec. 3493; *Linden* v. *Alameda County*, 45 Cal. 7.)

McFARLAND, J.—A demurrer to the complaint was sustained in the court below and judgment entered for defendants, and plaintiff appeals from the judgment.

The subject-matter of this action is certain premises

constituting a street or passageway called Ocean Park avenue. The purpose of the action is to enjoin the defendants from making any claim to said premises under a certain judgment of the superior court entered on the 10th of March, 1889, in an action entitled *Long Beach Land and Water Company, Plaintiff,* v. *City of Long Beach, Defendant,* numbered 10455, and to have said judgment canceled; to have said premises decreed to be the property of the public, held by the city of Long Beach in trust for the public, and to have the title of said city to said premises quieted; to have it adjudged that neither of said defendants other than the city has any right, title, or interest in or to any portion of said premises; and to enjoin said defendants other than said city from asserting any claim whatever to said premises, or any part thereof, adverse to the city of Long Beach or this plaintiff.

The plaintiff brings this suit entirely in his capacity as a resident of, and a property owner and taxpayer in, said city of Long Beach. The material averments of the complaint are briefly these: That in 1882, J. and L. Bixby and Thomas Flint, being the owners of a tract of land in which said Ocean Park avenue is now situated, caused the same to be surveyed and staked off, and caused a map to be made and filed in the county recorder's office showing that said tract was subdivided into lots, blocks, streets, lanes, avenues, and parks, and named said tract town of Willmore; that among other streets, avenues, etc., the said Ocean Park avenue was thus surveyed and staked off; and that by these acts the said avenue was dedicated for the use of the public. It was further averred that said town of Willmore was afterward included in the territory of the city of Long Beach, and that said avenue has ever since been a public avenue by virtue of the dedication as aforesaid. It was further averred that in 1888 the said Long Beach Land and Water Company, defendant herein, without any right or title, asserted a claim as against the city of Long Beach to said avenue; that the board of trustees of said city of Long Beach entered into a conspiracy with said water

company for the purpose of enabling the said company to
acquire that portion which had been so dedicated; that,
in pursuance of said conspiracy, it was agreed in the
month of January, 1889, that said matter should be
compromised by the said company conveying to the city
certain lands and certain other streets and passageways,
and the board of trustees agreeing that no defense would
be made by the city to an action brought by said water
company to quiet its title to said premises; that in ac-
cordance with said compromise the said water company
brought an action, to wit, the said action No. 10455
above referred to, and, the board of trustees making no
defense, as it was understood they should not, judgment
was entered in favor of said company, decreeing that
said company was owner of said premises, and that the
city had no property right or easement therein.   It was
further averred that said judgment was *ultra vires* and
void, and, to avoid the plea of the statute of limitations,
it is averred that "the facts set out in this complaint
setting forth the fraud, conspiracy, and collusion en-
tered into by and between the Long Beach Land and
Water Company and the majority of the board of
trustees of the city of Long Beach," whereby said judg-
ment was obtained, "became first known to, and were
not discovered by plaintiff till the month of April, 1894."
This present action was not brought until February 18,
1895, more than five years after the entry of said judg-
ment.    It is not averred in terms that the plaintiff re-
quested the present board of trustees to bring this action,
and that they refused to do so, but it is averred that the
city attorney of Long Beach did bring an action similar
to the present one, and that he was ordered by the board
of trustees to dismiss it and to bring no further action
of that character.    It is averred that the defendant, the
Long Beach Development Company, claims to have
some interest in the premises, and that for that reason it
is made a party to this suit, and it is prayed that said de-
fendant be required to set up whatever claim it may
have, and that the same may be adjudged to be invalid.

The demurrer is general, and also includes nearly all the special grounds of demurrer mentioned in the statute. We think that the demurrer ought to be sustained. There are a great many grounds of demurrer, such as estoppel, statute of limitations, insufficiency of description of the premises involved, want of offer to rescind and restore, ambiguity, uncertainty, etc., which we do not deem it necessary to discuss. We do not think that the complaint states facts sufficient to constitute a cause of action, or to justify the plaintiff in bringing it.

It is no doubt, under the authorities, frequently difficult to determine whether or not in a given case a person merely in his capacity of citizen or taxpayer, can maintain an action by which he seeks to control the administration of municipal government, and put himself in the place of public officers selected for the purpose of such administration. The cases cited by appellant are mostly actions brought by taxpayers directly against public officers to restrain them from increasing the burden of taxation by levying or enforcing taxes which could not be legally imposed. The rule is that the municipality, through its governing body, has control of the property and general supervision over the ordinary business of the corporation; and there would be utter confusion in such matters if every citizen and taxpayer had the general right to control the judgment of such body, or usurp the office. Where the thing in question is within the discretion of such body to do or not to do, the general rule is that then neither by *mandamus, quo warranto,* or other judicial proceeding, can either the state or a private citizen question the action or nonaction of such body; nor in such cases can a private citizen rightfully undertake to do that which he thinks such body ought to do. It is only where performance of the thing requested is enjoined as a duty upon said governing body that such performance can be compelled, or that a private citizen can step into the place of such body and himself perform it. If, therefore, in the case at bar it was not a duty enjoined

upon the board of trustees of the city of Long Beach to bring an action similar to this present action brought by appellant, then we need not discuss the general subject of the right of private citizens to maintain actions concerning municipal affairs—which right is founded to a great extent upon necessity, and the want of any other proper party plaintiff. And the proposition that it was a duty enjoined upon said trustees to bring such an action cannot be maintained.

In the first place, the main purpose of this action could not, under any view, be judicially accomplished; for it seeks to have the fee simple title of the city to said avenue quieted, and the respondents enjoined from asserting any right or claim whatever thereto; while it is clear from the complaint that the city or the public has, at best, only an easement in the premises, consisting of a right of way over it as a public thoroughfare. Then, again, it is averred that the judgment sought to be vacated is *ultra vires* and void; and if that be so it could never be enforced, and there is no averment that anyone ever tried to enforce it. But waiving these points for the present, and assuming that said avenue was dedicated as claimed, in 1882, there is no averment that the use of said avenue as a public thoroughfare has ever been interrupted by respondents or any other person—no averments that respondents have put buildings upon it, or fenced or inclosed any part of it, or placed on it any impediments to travel, or obstructed in any way the enjoyment by appellant and the public of the alleged easement. On the other hand, it is expressly averred in the complaint " that ever since said dedication aforesaid, and for upwards of twelve years last past, this plaintiff and other residents, citizens and taxpayers of the city of Long Beach aforesaid, have continued to use the said lands as and for a public park and avenue." Under these circumstances the proposition that it is the duty of the present board of trustees to put the city into litigation by commencing the suit indicated by appellant, and that they have no

discretion to refuse to do so, cannot be successfully maintained. In this present action the appellant seeks to have the alleged compromise and judgment of March, 1889, set aside solely upon the ground of the want of power of the then trustees to make such compromise— not upon the ground that it was a bad bargain for the city. There is no averment which we can find in the complaint that the lands and public ways conveyed by the water company to the city were not more valuable to the city and the public than said Ocean Park avenue. And in the event of a suit being brought by the city would not it be compelled to restore said lands and ways to said water company? And would not other doubtful questions involving rights which the city now peacefully enjoys be opened up? As the matter now stands, the city and the public have the lands and ways granted by the said water company at the time of said alleged compromise, and also have ever since enjoyed, and now enjoy, the uninterrupted use of Ocean Park avenue itself. As long as the present circumstances continue, any alleged rights which respondents in the future might undertake to enforce would not be strengthened, but would rather be weakened by the lapse of time. It cannot be rightfully said, therefore, that the trustees now in office are not exercising a wise discretion by refusing, at the present time, to commence unnecessary and hazardous litigation.

The judgment is affirmed.

Henshaw, J., and Temple, J., concurred.