[L. A. No. 25816.  In Bank.  Nov. 30, 1961.]

PHILL SILVER, as a Taxpayer, etc., Plaintiff and Respondent, v. THE CITY OF LOS ANGELES et al., Defendants and Appellants.

Roger Arnebergh, City Attorney, Bourke Jones, Assistant City Attorney, Spencer L. Halverson, Deputy City Attorney, Young & Prenner, James J. Arditto, Ronald H. Prenner, Claude E. Young, Melvin L. Pierovich, Ball, Hunt & Hart and Joseph A. Ball for Defendants and Appellants.

Phill Silver, in pro. per., for Plaintiff and Respondent.

Stanley Mosk, Attorney General, Jay L. Shavelson and N. Gregory Taylor, Deputy Attorneys General, as Amici Curiae on behalf of Plaintiff and Respondent.

McCOMB, J.—Defendants appeal from a judgment in favor of plaintiff after trial before the court in an action brought by plaintiff as a taxpayer to have declared void, and to set aside, an oil and gas lease between defendant City of Los Angeles, as lessor, and defendant Los Angeles Harbor Oil Development Co., as lessee, covering approximately 6,400 acres of submerged lands in the Los Angeles Outer Harbor.

This is the sole question necessary for us to determine: *May a taxpayer bring a representative action to set aside a contract entered into between a municipality and a private corporation relative to lands held by the municipality in trust, in the absence of fraud, collusion, ultra vires, or a failure on the part of the municipality to perform a duty specifically enjoined?*

*No.* A taxpayer in his representative capacity can

sue a municipality only in cases involving fraud, collusion, ultra vires, or a failure on the part of the governmental body to perform a duty specifically enjoined. (*Nickerson* v. *County of San Bernardino,* 179 Cal. 518, 522 [177 P. 465]; *Dunn* v. *Long Beach L. & W. Co.,* 114 Cal. 605, 609 [46 P. 607]; *Pratt* v. *Security Trust & Savings Bank,* 15 Cal.App.2d 630, 636 [1] et seq. [59 P.2d 862]; 18 McQuillin, Municipal Corporations (3d ed. 1950) § 52.07, p. 23; *cf.* 124 A.L.R. (1940) pp. 1238-1240.)

In the instant case it was stipulated by the parties at the beginning of the trial that there was no actual fraud, corruption, bad faith, or undue influence involved in the granting of the lease by defendant municipality to defendant development company. Ultra vires was not pleaded, nor was any evidence thereof presented during the trial.

Plaintiff contends that defendant municipality was bound by section 2261 of the Civil Code and the common law of trusts to administer the trust property with the care and skill which a man of ordinary prudence would exercise in dealing with his own property; that defendant councilmen, acting on behalf of defendant municipality, did not exercise such degree of care and skill in the negotiations for the lease; and that their failure to do so constituted a failure by said defendant to perform a duty specifically enjoined.

█ Although the proper use of the tidelands and tideland revenue is a statewide affair (*People* v. *City of Long Beach,* 51 Cal.2d 875, 883 [5] [338 P.2d 177]; *Mallon* v. *City of Long Beach,* 44 Cal.2d 199, 209 [9] [282 P.2d 481]; *City of Long Beach* v. *Morse,* 31 Cal.2d 254, 261 et seq. [188 P.2d 17]), this does not mean that the administration of the trust is in all matters a statewide affair. (*Cf. Douglass* v. *City of Los Angeles,* 5 Cal.2d 123, 128 [2] [53 P.2d 353]; *Helbach* v. *City of Long Beach,* 50 Cal.App.2d 242, 246 [3] [123 P.2d 62].)

█ Defendant municipality is a charter city, and until the Legislature acts to provide otherwise, the manner in which it effectuates the purposes of the tidelands trust, including the manner in which it conducts negotiations for the leasing of the lands, is a municipal affair. (Cal. Const., art. XI, §§ 6, 8; *cf. Dynamic Industries Co.* v. *City of Long Beach,* 159 Cal.App.2d 294, 299 [5] [323 P.2d 768] [hearing denied by the Supreme Court].)

At the time the lease was executed (December 28, 1956) and ratified (January 14, 1957), there was no relevant charter

or statutory provision directing the manner in which the lands were to be leased.*

All that was required of defendant municipality was that its agents act fairly in all matters respecting the proper discharge of their duties. (*West etc. Ins. Co.* v. *Glenn etc. Irr. Dist.*, 50 Cal.App.2d 204, 209 [2] [122 P.2d 595].) Since it was stipulated that there was no actual fraud, corruption, bad faith, or undue influence, there is no basis for contending that they did not act fairly.

On the contrary, in view of the stipulation it must be found that defendant councilmen applied their honest, considered judgment to the problem at hand. Under such circumstances, they are answerable to the electorate, but not the courts, if they were mistaken or were wanting in business acumen. (*West etc. Ins. Co.* v. *Glenn etc. Irr. Dist.*, *supra*, at 209, 211.)

There is no merit in plaintiff's contention that though he stipulated there was no ''actual fraud,'' he did not waive the fact that there was ''constructive fraud,'' because (1) the trial court found, in effect, that there was no proof of constructive fraud, and (2) the record contains no evidence of constructive fraud, which fact was recognized by plaintiff in his oral argument, since he pointed only to facts which would have constituted actual, and not constructive, fraud.

Applying the above-stated rules of law to the undisputed factual situation in the present case, plaintiff as a taxpayer in his representative capacity cannot maintain the present action.

In view of the foregoing conclusion, it is unnecessary to discuss other questions argued by counsel.

The judgment is reversed.

Gibson, C. J., Traynor, J., Schauer, J., Peters, J., White, J., and Dooling, J., concurred.

Respondent's petition for a rehearing was denied January 9, 1962.

---

*In 1959 the Legislature enacted specific legislation governing the procedures by which oil and gas leases are to be granted by municipalities. It requires advance publication of a resolution which specifies the minimum royalty, the term of the lease, its form, and one variable, biddable factor on which sealed bids are to be received. The lease must go to the highest responsible bidder. This legislation applies to cities operating under the general laws with respect to all oil and gas leases, and to charter cities only with respect to tide and submerged lands granted in trust to them by the state. (Pub. Resources Code, §§ 7058.5, 7059, 7060, 7061.)