[Civ. Nos. 26974, 26975.   Second Dist., Div. Two.   Jan. 7, 1964.]

PHILL SILVER, Plaintiff and Appellant, v. CITY OF LOS
ANGELES et al., Defendants and Respondents.

(Two Cases.)

Phill Silver, in pro. per., for Plaintiff and Appellant.

Roger Arnebergh, City Attorney, Bourke Jones, Assistant
City Attorney, Spencer L. Halverson, Division Chief, Deputy
City Attorney, Stanley Mosk, Attorney General, Jay L.

Shavelson and Ernest E. Sanchez, Deputy Attorneys General, Ball, Hunt & Hart, Young & Prenner and Mel Pierovich for Defendants and Respondents.

HERNDON, J.—Plaintiff appeals from the adverse judgments entered against him in three separate taxpayers' suits whereby he seeks to set aside a certain oil and gas lease entered into by the City of Los Angeles. These cases were consolidated for all purposes by an order of the trial court made on its own motion. Although numerous propositions have been presented and argued by appellant at great length, the determinative issues are relatively simple both in essential statement and in the process of resolution.

Appellant filed his original action in 1956. By his pleadings, by formal stipulations, and by numerous statements and admissions made during the pretrial, trial and appellate proceedings, appellant had made clear his belief that the facts of the case did not establish, and that he did not intend them to establish, any actual fraud on the part of the defendants. Following a lengthy trial, judgment was entered in plaintiff's favor.

This judgment was reversed in *Silver* v. *City of Los Angeles*, 57 Cal.2d 39, wherein at page 42 [17 Cal.Rptr. 379, 366 P.2d 651] the court stated: "All that was required of defendant municipality was that its agents act fairly in all matters respecting the proper discharge of their duties. [Citation.] Since it was stipulated that there was no actual fraud, corruption, bad faith, or undue influence, there is no basis for contending that they did not act fairly.

"On the contrary, in view of the stipulation it must be found that defendant councilmen applied their honest, considered judgment to the problem at hand. Under such circumstances, they are answerable to the electorate, but not the courts, if they were mistaken or were wanting in business acumen. [Citation.]

"There is no merit in plaintiff's contention that though he stipulated there was no 'actual fraud,' he did not waive the fact that there was 'constructive fraud,' because (1) the trial court found, in effect, that there was no proof of constructive fraud, and (2) the record contains no evidence of constructive fraud, which fact was recognized by plaintiff in his oral argument, since he pointed only to facts which would have constituted actual, and not constructive, fraud.

"Applying the above-stated rules of law to the undisputed

factual situation in the present case, plaintiff as a taxpayer in his representative capacity cannot maintain the present action.''

After the judgment was reversed in his first action, appellant petitioned the United States Supreme Court for a writ of certiorari. This petition was denied on May 14, 1962. (369 U.S. 873 [82 S.Ct. 1143, 8 L.Ed.2d 276].)

Appellant, realizing that he could not maintain his original action as presented, attempted to utilize two methods to overcome the adverse effect of the decision therein. First, he filed two new actions based upon the same alleged facts, all of which were known to him during the years his prior action had been pending but in his new actions he alleges that these facts constituted *actual fraud.* Secondly, realizing that these actions necessarily would prove futile if he remained bound by the adverse decision of his former action, (wherein the defendants had moved for judgment on the pleadings) he sought to amend his complaint in the former action by adding another count wherein he alleged that the acts complained of amounted to *actual* fraud. However he also recognized that this motion, was inappropriate in the face of his stipulation that there had been no actual fraud, corruption, bad faith or undue influence in the granting of the lease and, therefore, he simultaneously moved to be relieved from the ''legal effect'' of his stipulation.

The trial court denied appellant's motions and entered judgment for the defendants in the three consolidated actions. The sole issue presented for our consideration, therefore, is whether this determination on the part of the trial court constituted an abuse of discretion. The issue is not, as appellant appears to believe, whether the trial court *could* have granted his motions, or whether, *if it had determined to do so,* such a decision would have constituted an abuse of discretion. Therefore, the many decisions cited by appellant in this connection are not here controlling.

In *Gonzales* v. *Pacific Greyhound Lines,* 34 Cal.2d 749, 755 [214 P.2d 809], the court quoted the following from *Richfield Oil Corp.* v. *State Board of Equalization,* 329 U.S. 69, footnote 1, page 73 [67 S.Ct. 156, 91 L.Ed. 80, 88]: '' 'In California a valid stipulation is binding upon the parties. [Citations.] It is available at a second trial unless in terms otherwise limited, [citations], and will be controlling at the second trial unless the trial court relieves a party from the stipulation. [Citation.] *Relief from a stipulation may be*

*granted in the sound discretion of the trial court in cases where the facts stipulated have changed, there is fraud, mistake of fact, or other special circumstance rendering it unjust to enforce the stipulation.* [Citations.] In the present case there is no intimation in the record or briefs of fraud, excusable neglect, or other ground for relief.' '' (Italics added.)

In his declaration in support of his motion, appellant did not allege or so much as suggest by implication that any of the facts known to him at the time of his stipulation, or thereafter, had changed, or that he had been mistaken in regard to them, or that fraud had been practiced on him, or even that he had discovered new facts that made his prior stipulation inappropriate.[1] Clearly, the trial court did not abuse its discretion in refusing to allow the withdrawal of the stipulation and the amendment of the complaint under the circumstances revealed by the present record.

Seeking to avoid this inevitable conclusion, appellant asserts that by his stipulation he had not intended to stipulate that *factually* actual fraud did not exist, but only that he was not proceeding on this theory inasmuch as it had not been made an issue by the pleadings or pretrial statement. Therefore, he argues, his was a mistake of *law* and not of *fact*; that since he learned for the first time upon the filing of the Supreme Court's decision that he had waived the only theory on which he might recover, he should be allowed relief from this waiver.

Assuming that such an interpretation could be given to his stipulation, once again the many decisions cited by appellant are not apposite. They merely express the long-accepted principle that the trial court has *power* to grant such relief in appropriate cases—not that such relief must be granted in the absence of a showing of adequate justification therefor.

As aptly noted in *Dressler* v. *Johnston*, 131 Cal.App. 690, 694-695 [21 P.2d 696] (hearing denied): ''It may be conceded that a trial court still retains a sound discretion to allow amendments to pleadings even after a mistrial of the cause [citation] or a reversal of the judgment on appeal. But in the interest of justice great care should be exercised upon

---

[1]In its ''Memorandum of Decision'' the trial court expressly indicated that appellant might move for a new trial and ''[u]pon any such motion, he is entitled to urge the discovery of any new evidence which was not available to him upon the original trial of the action, as a ground for such relief.'' Appellant declined to so move but immediately filed this appeal.

such motions, after a reversal of a judgment on appeal, to avoid a complete change of the original cause of action, or defense, and to discourage fabricated issues and endless litigation.''

Appellant's declarations offer no basis whatsoever to show justification for his voluntary waiver of any claim of actual fraud, and certainly nothing to warrant interjection of this issue after having forced the defendants for over six years and at great expense successfully to defend against his chosen causes of action. Certainly no abuse of the court's discretion in any of its rulings herein has been shown.

The judgments under review are affirmed.

Fox, P. J., concurred.

A petition for a rehearing was denied February 5, 1964, and appellant's petition for a hearing by the Supreme Court was denied March 4, 1964.