[Civ. No. 45249. Second Dist., Div. Five. June 9, 1975.]

ROBERT LANE et al., Plaintiffs and Appellants, v.
CITY OF REDONDO BEACH, Defendant and Respondent.

**COUNSEL**

Robert Lane, Rose Lane and Carol Bichnevicius, in pro. per., for Plaintiffs and Appellants.

A. Roger Sailors, City Attorney, for Defendant and Respondent.

**OPINION**

**LORING, J.***—Robert Lane, Rose Lane and Carol Bichnevicius (collectively appellants) alleging that they were residents of the City of Redondo Beach,[1] filed a complaint for declaratory relief naming the City of Redondo Beach, the Redevelopment Agency of Redondo Beach, and the Parking Authority of Redondo Beach (City) as defendants.[2] A demurrer to the complaint was sustained and the plaintiffs were given 30 days to amend. A first amended complaint for declaratory relief was then filed and a demurrer sustained with leave to amend. After a second amended complaint for declaratory relief was filed, the trial court sustained a demurrer without leave to amend. Judgment of dismissal was entered. This is an appeal from the judgment of dismissal.

### STATEMENT OF FACTS[3]

The City is situated on the coast of the Pacific Ocean. By a tidelands grant dated 1915 and amended in 1971, the state granted City all

---

*Assigned by the Chairman of the Judicial Council.

[1]The complaint does not allege that the three plaintiffs are also taxpayers of Redondo Beach. However, they still have standing to assert their claims. (See *Gion* v. *City of Santa Cruz*, 2 Cal.3d 29 [84 Cal.Rptr. 162, 465 P.2d 50].)

[2]The redevelopment agency and the parking authority were not served as defendants and did not appear in this action.

[3]The statement of facts is taken from the complaint (which is assumed to be true for purpose of this appeal) and facts of which the court was required to take judicial notice. (*Livermore* v. *Beal,* 18 Cal.App.2d 535 [64 P.2d 987]; *People* v. *Oakland Water Front Co.,* 118 Cal. 234 [50 P. 305].)

tidelands adjacent to the City's coastline. From 1955 to 1959, the federal government financed the building of a breakwater to create a public craft harbor. The voters of the City authorized a bond issue, which was held valid by the California Supreme Court in *City of Redondo Beach* v. *Taxpayers, Property Owners, etc., City of Redondo Beach,* 54 Cal.2d 126 [5 Cal.Rptr. 10, 352 P.2d 170], to finance the acquisition of property in private ownership located on "uplands" and the construction of an inner harbor in 1959.

In 1962, Redondo Beach established the redevelopment agency, which proposed a redevelopment plan subsequently approved by the city council. The plan provided for the acquisition of all land within the area, for the demolition of all buildings, and for the vacation of all streets in the area for the purpose of combining the small individual ownerships into a single ownership. After acquisition of all the property, the city council vacated all of the streets leading up to the ocean and buildings were constructed on the land, over the former rights-of-way. These actions allegedly made it difficult for the plaintiffs, children, lower income citizens, and senior citizens to enjoy free and easy access to the ocean for several reasons. The traffic concentration was increased substantially, reducing the access to the ocean for all residents. Children and lower income citizens who previously had been able to hand launch small sailing or fishing boats are now unable to do so. Senior citizens and others of limited mobility who could previously walk to the waterfront must now take long and sometimes dangerous routes to get there.

## Contentions

Appellants contend that:

I  This is a proper subject for declaratory relief.

II  The facts are sufficient to constitute a cause of action.

## Discussion

■  Appellants first contend that this is a proper subject for declaratory relief. A complaint for declaratory relief should show a proper subject of declaratory relief within Code of Civil Procedure section 1060[4] and an actual controversy involving justiciable questions,

---

[4]Code of Civil Procedure section 1060 states: "Any person interested under a deed, will or other written instrument, or under a contract, or who desires a declaration of his

relating to the rights or obligations of a party. (Witkin, Cal. Procedure (2d ed.) p. 2331.)

Appellants have stated a proper subject of declaratory relief. They claim that the City has violated the California Constitution, article XV, section 2 and California Government Code sections 39900-39938 and has interfered with their rights of free access to tidelands and navigable waters.

The City claims that as a chartered city it has discretion to pass statutes and that unless there is an abuse of that discretion, fraud or an ultra vires act, appellants cannot attack the city council's action of vacating the streets. (See *Beals* v. *City of Los Angeles,* 23 Cal.2d 381, 385 [144 P.2d 839]; *Silver* v. *City of Los Angeles,* 57 Cal.2d 39, 42 [17 Cal.Rptr. 379, 366 P.2d 651].)

The reason for this policy was stated in *Dunn* v. *Long Beach Land & Water Co.,* 114 Cal. 605 at page 609 [46 P. 607]: "The rule is that the municipality, through its governing body, has control of the property and general supervision over the ordinary business of the corporation; and there would be utter confusion in such matters if every citizen and taxpayer had the general right to control the judgment of such body, or usurp the office." This policy reason does not apply in the present case. If the city council violated the California Constitution, article XV, section 2 or Government Code sections 39900-39938, as alleged, such action would be an ultra vires act. ■ Declaratory relief is a proper remedy to determine the constitutionality of a statute. (*Lord* v. *Garland,* 27 Cal.2d 840 [168 P.2d 5].) An action for declaratory relief is also proper for determining rights under a statute declaring public policy and an alleged violation thereof. (*Montalvo* v. *Zamora,* 7 Cal.App.3d 69 [86 Cal.Rptr. 401].) ■ Therefore, this action properly requested declaratory relief.

Secondly, an actual controversy existed between appellants and the City. An actual controversy is "one which admits of definitive and conclusive relief by judgment within the field of judicial administration, as distinguished from an advisory opinion upon a particular or hypothetical state of facts. The judgment must decree, not suggest, what the

rights or duties with respect to another, or in respect to, in, over or upon property, or with respect to the location of the natural channel of a watercourse, may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action in the superior court . . . ."

parties may or may not do." (*Selby Realty Co.* v. *City of San Buenaventura,* 10 Cal.3d 110 at p. 117 [109 Cal.Rptr. 799, 514 P.2d 111].

Appellants argue in their briefs that the City has already sold the land to a private developer, who has built structures on the land. They claim this action interferes with their rights. It has been held that "a street may not be vacated for exclusive private use" (*Constantine* v. *City of Sunnyvale,* 91 Cal.App.2d 278 [204 P.2d 922].) Also "a city may not 'barter' away its streets." (*People* v. *City of San Rafael,* 95 Cal.App. 733 [273 P. 138].)

■ Appellants' second contention is that the facts are sufficient to constitute a cause of action. If they prove the facts alleged in the complaint, they will apparently have shown a violation of California Constitution, article XV, section 2[5] and Government Code section 39933.[6]

The state holds tidelands in trust for the public for navigation, fishery and commerce. (*People* v. *California Fish Co.,* 166 Cal. 576 [138 P. 79]; *People* v. *Southern Pacific Railroad Co.,* 166 Cal. 614 [138 P. 94].) In *Gion* v. *City of Santa Cruz,* 2 Cal.3d 29 [84 Cal.Rptr. 162, 465 P.2d 50], the court relied on the theory of implied dedication to uphold the public's use of a beach and an improved dirt road leading to the beach. The court also held that under such an easement, the city did not have the right to build permanent structures on the land. However, the court declared that courts should encourage public use of shoreline areas whenever consistent with the federal Constitution. The strong public policy favoring public access to the coast is indicated by many legislative enactments.[7]

---

[5]California Constitution, article XV, section 2 states: "No . . . corporation, claiming or possessing the frontage or tidal lands of a harbor, bay, inlet, estuary, or other navigable water in this State, shall be permitted to exclude the right of way to such water whenever it is required for any public purpose, nor to destroy or obstruct the free navigation of such water; and the Legislature shall enact such laws as will give the most liberal construction to this provision, so that access to the navigable waters of this State shall be always attainable for the people thereof."

[6]Government Code section 39933 states: "All navigable waters situated within or adjacent to city shall remain open to the free and unobstructed navigation of the public. Such waters and the water front of such waters shall remain open to free and unobstructed access by the people from the public streets and highways within the city. Public streets, highways, and other public rights of way shall remain open to the free and unobstructed use of the public from such waters and waterfront to the public streets and highways."

[7]See Government Code sections 54090-54093; Government Code sections 39933-39937; Fish and Game Code section 6511; Public Resources Code sections 6008, 6210.4, 6323.

In the present case, the plaintiffs allege that there is a substantial restriction on public access to the beaches because of the vacation of streets and erected improvements.

Unquestionably, as City contends, the opening, improving, maintenance and vacating of municipal streets within a municipality is a municipal affair (34 Cal.Jur.2d 754, Municipal Corporations, § 175) and it is certainly a governmental function which is vested in the legislative or executive branch of government, not in the judicial branch. (*Silver* v. *City of Los Angeles,* 57 Cal.2d 39, 42 [17 Cal.Rptr. 379, 366 P.2d 651].)

However, it has been held that the municipal power to vacate a municipal street does not include the power to vacate a municipal street when to do so interferes with the operation of a railroad because the operation of a railroad is a "matter of general state concern." (*Civic Center Assn.* v. *Railroad Comm.,* 175 Cal. 441, 450 [166 P. 351]; see also *Constantine* v. *City of Sunnyvale, supra,* 91 Cal.App.2d 278, 283.) We think the same reasoning applies to the right of public access to tidelands and navigable waters which is a "matter of general state concern." ▮ We see no escape from the conclusion that a municipality's admitted power to vacate a municipal street does not include the power to destroy the right of public access to tidelands or navigable waters.

The basic purpose in entrusting tidelands to municipalities in trust, is to insure the right of free public access to tidelands or navigable waters. (Cal. Const., art. XV, §§ 2 & 3.) The object of the trust is destroyed if a municipality in the exercise of its admitted municipal power to vacate municipal streets can deprive the public of its right of access to tidelands or navigable waters. The municipality as a trustee of tidelands, is obligated to achieve, not defeat the object of the trust. Its municipal powers must be exercised in a manner which is consistent with its trust duties. It may not use its municipal powers to destroy its trust obligations.

▮ Lastly, we point out that the law favors actions for declaratory relief where an actual controversy exists regarding rights and duties within the scope of Code of Civil Procedure section 1060, and a plaintiff is entitled to maintain such an action even though the ultimate declaratory judgment is in favor of the defendant "[f]or that is what a declaratory relief action is about, to determine and declare the respective rights and duties of the parties, *at the end,* not at the beginning, of the inquiry." (*Sullivan* v. *San Francisco Art Assn.,* 101 Cal.App.2d 449, 455

[225 P.2d 993].) (Italics in original.) Declaratory relief is a proper remedy even though the declaration is negative and contrary to the plaintiff contentions. (3 Witkin Cal. Procedure (2d ed.) Pleading, § 730, p. 2350.)

The judgment is reversed.

Stephens, Acting P. J., and Ashby, J., concurred.

A petition for a rehearing was denied July 8, 1975, and respondent's petition for a hearing by the Supreme Court was denied August 6, 1975.