[Civ. No. 38366. First Dist., Div. Two. Apr. 18, 1977.]

LOS ALTOS PROPERTY OWNERS ASSOCIATION et al.,
Plaintiffs and Appellants, v.
IAN L. HUTCHEON, Individually and as Superintendent, etc.,
Defendants and Respondents.

COUNSEL

Dean C. Storkan for Plaintiffs and Appellants.

William M. Siegel and Selby Brown, Jr., County Counsel, James A. Ersted and Robert J. Menifee, Deputy County Counsel, for Defendants and Respondents.

OPINION

ROUSE, J.—Plaintiffs[1] brought this taxpayers' suit to enjoin defendants from proceeding with a consolidation plan involving the junior high schools in the Los Altos School District. Defendants' demurrer to plaintiffs' first amended complaint (hereafter referred to as complaint) was sustained by the trial court as to plaintiffs' second cause of action, and plaintiffs were given 15 days to amend. Plaintiffs did not amend, and upon their motion, the trial court dismissed plaintiffs' second cause of action. Plaintiffs now appeal from this order of dismissal.[2]

Plaintiffs brought this action to obtain a temporary and permanent injunction preventing defendants from proceeding with any phase of the consolidation plan that is the subject of this dispute, including the construction or alteration of classrooms and other facilities, the making of contracts, and the acceptance of bids for the sale of school property. Plaintiffs object to the proposed consolidation plan for a number of reasons.[3] The first cause of action alleges that the consolidation plan

[1]The plaintiffs in this action are the Los Altos Property Owners Association, an unincorporated association, and E. O. Huttlinger, a citizen resident of the Los Altos School District, acting individually and on behalf of all others similarly situated. The defendants are Ian L. Hutcheon, individually and as Superintendent of Schools for the Los Altos School District; Keith D. Vander-Zyl, individually and as Business Manager for the Los Altos School District; M. Rita Sampson, Phyliss Levin, Shirley R. Brey, Gerald E. Rosenblum and Katrina Smathers, individually and as members of the Board of Trustees; the Board of Trustees of the Los Altos School District; and Relocatable Structures, Inc., a California corporation. All parties are represented on appeal except for Relocatable Structures, Inc.

[2]Plaintiffs' appeal was originally dismissed by this court because there were four causes of action still pending on the complaint at the trial court level, and plaintiffs' appeal was therefore in violation of the one final judgment rule. However, this dismissal was vacated by this court when plaintiffs dismissed without prejudice the four remaining causes of action set forth in their complaint.

[3]Although the dismissal of the second cause of action is the only matter before this court, because the second cause of action realleges and incorporates all of the allegations contained in the first cause of action, the factual allegations of both causes of action will be discussed. In determining whether plaintiffs have stated a cause of action, this court

adopted by the defendants wastes public funds and constitutes a manifest abuse of discretion because there are less expensive alternative plans available; that these alternative plans would cost from $1,100,000 to $1,200,000 less to implement; that they would "provide a level of benefits, services, efficiency, and protection of educational goals and values equal to or greater than the level of benefits, services, efficiency and protection provided by the consolidation plan adopted by the Board of Trustees"; that the plan adopted by the board of trustees would "provide no substantial educational services, benefits, or values greater than the alternative plans for consolidation which were presented to the Board of Trustees"; that defendants were aware of these facts when the selection of the consolidation plan was made; that defendants have repeatedly refused to reevaluate their decision despite repeated requests by plaintiffs that they do so; that defendant Relocatable Structures, Inc., will soon begin ordering materials and subcontracting out work to implement this consolidation plan; and that because of this, plaintiffs will be irreparably injured if defendants are not enjoined from proceeding with the consolidation plan selected.

In the second cause of action, plaintiffs allege that in "implementing the consolidation plan adopted on October 7, 1974, the Los Altos School District must spend approximately $747,000 needlessly, uselessly, and improvidently in that . . . neither the Los Altos School District, the schools within the Los Altos School District, the teachers, administration, taxpayers, or students in the Los Altos School District, or anyone else, will receive any financial, educational, or public benefits, or any other type of benefits, from the expenditure of this $747,000"; that the construction of new facilities under the consolidation plan will "duplicate already existing, adequate, and equivalent facilities and assets and these existing facilities and assets will not be utilized by the Los Altos School District as a result of this expenditure"; and that the expenditure of this $747,000 without "the receipt of any benefit, public or otherwise, by the Los Altos School District, was a manifest abuse of discretion and beyond the jurisdiction of the Board of Trustees of the Los Altos School District."

There are two issues raised on appeal: first, whether plaintiffs have standing to bring suit under section 526a of the Code of Civil Procedure, and whether the allegations of the complaint state a cause of action

must consider all properly pleaded factual allegations as true for the purpose of review, but deductions, contentions and conclusions of fact or law are not deemed admitted. (*Daar* v. *Yellow Cab Co.* (1967) 67 Cal.2d 695, 713 [63 Cal.Rptr. 724, 433 P.2d 732].)

under that section; and, second, whether the allegations state a cause of action for ultra vires actions under the common law basis for taxpayers' suits.

It is settled that a taxpayer can bring suit against governmental bodies in California under either of two theories, one statutory, the other based upon the common law. Section 526a of the Code of Civil Procedure[4] provides, in part, that "An action to obtain a judgment, restraining and preventing any illegal expenditure of, *waste of,* or injury to, the estate, *funds,* or other property *of a county, town, city or city and county of the state,* may be maintained against any officer thereof, or any agent, or other person, acting in its behalf, either by a citizen resident therein, or by a corporation, who is assessed for and is liable to pay, or, within one year before the commencement of the action, has paid, a tax therein." (Italics added.) This provision is to be compared to and contrasted with the common law authority for taxpayer suits, as stated in *Silver* v. *City of Los Angeles* (1961) 57 Cal.2d 39, 40-41 [17 Cal.Rptr. 379, 366 P.2d 651], that a "taxpayer in his representative capacity can sue a municipality *only* in cases involving *fraud, collusion, ultra vires, or a failure on the part of the governmental body to perform a duty specifically enjoined.*" (Italics added.) This common law theory applies not only to municipalities but to all governmental bodies. (*Gogerty* v. *Coachella Valley Junior College Dist.* (1962) 57 Cal.2d 727, 730 [21 Cal.Rptr. 806, 371 P.2d 582].)

While the two theories are similar in many respects, they differ in two important areas. First, section 526a includes the waste of public property as a ground for bringing suit, while the common law limits the grounds to fraud, collusion, ultra vires, or a failure to perform a duty specifically enjoined. While waste may seem to be a form of ultra vires act, courts have distinguished between the two. (See *City of Ceres* v. *City of Modesto* (1969) 274 Cal.App.2d 545 [79 Cal.Rptr. 168].) Second, section 526a, on its face, only applies to towns, cities, counties, and cities and counties of the state, while the common law theory applies to all state and local governmental bodies.

Defendants contend that plaintiffs have no standing to sue for waste under section 526a since it only applies to suits directed at counties, towns, cities, or cities and counties of the state, and defendant

---

[4]Unless otherwise stated, all statutory references will be to the Code of Civil Procedure.

school district falls into none of these categories.[5] Since plaintiffs have cited no authority extending section 526a to school districts, defendants argue that plaintiffs are without standing to sue under that statute.

The cases arising under section 526a have consistently held that the statute is to be liberally construed. In *Blair* v. *Pitchess* (1971) 5 Cal.3d 258 [96 Cal.Rptr. 42, 486 P.2d 1242, 45 A.L.R.3d 1206], a case involving a taxpayer suit under section 526a to enjoin the sheriff from illegally expending public funds, our Supreme Court emphasized the strong public policy in favor of taxpayer suits and summarized the line of cases liberally construing section 526a as follows: "The primary purpose of this statute, originally enacted in 1909, is to 'enable a large body of the citizenry to challenge governmental action which would otherwise go unchallenged in the courts because of the standing requirement.' (Comment, *Taxpayers' Suits: A Survey and Summary* (1960) 69 Yale L.J. 895, 904.)

"California courts have consistently construed section 526a liberally to achieve this remedial purpose. . . .

"Moreover, we have not limited suits under section 526a to challenges of policies or ordinances adopted by the county, city or town. If county, town or city officials implement a state statute or even the provisions of the state Constitution, an injunction under section 526a will issue to restrain such enforcement if the provision is unconstitutional. (*Lundberg* v. *County of Alameda* (1956) 46 Cal.2d 644 [298 P.2d 1], app. dism. (1956) 352 U.S. 921 [1 L.Ed.2d 157, 77 S.Ct. 224]; *Vogel* v. *County of Los Angeles, supra,* 68 Cal.2d 18 [64 Cal.Rptr. 409, 434 P.2d 961].) Indeed, it has been held that taxpayers may sue *state* officials to enjoin such officials from illegally expending state funds. (*Ahlgren* v. *Carr* (1962) 209 Cal.App.2d 248, 252-254 [25 Cal.Rptr. 887];[6] *California State Employees' Assn.* v. *Williams* (1970) 7 Cal.App.3d 390, 395 [86 Cal.Rptr. 305].) We have even permitted taxpayers to sue on behalf of a city or county to recover funds illegally expended. (*Osburn* v. *Stone* (1915) 170 Cal. 480, 482 [150 P. 367].)" (Pp. 267-268.)

---

[5]"School districts are agencies of the state for the local operation of the state school system." (*Hall* v. *City of Taft* (1956) 47 Cal.2d 177, 181 [302 P.2d 574].)

[6]A careful reading of the *Ahlgren* case fails to reveal any reference to section 526a. In holding that the taxpayers had standing to sue *state officials,* the court relied solely upon the common law theory set out in *Silver* v. *City of Los Angeles* (1961) 57 Cal.2d 39, 40-41 [17 Cal.Rptr. 379, 366 P.2d 651].

In *Serrano* v. *Priest* (1971) 5 Cal.3d 584 [96 Cal.Rptr. 601, 487 P.2d 1241], our Supreme Court held that certain Los Angeles school children and their parents, suing on behalf of a class, had stated a cause of action against various state and county officials by alleging that the then existing school financing system violated the Fourteenth Amendment and the California Constitution. Although the standing issue was not the central issue in the case, our Supreme Court disposed of it in favor of plaintiffs, noting that "Although plaintiff parents bring this action against state, as well as county officials, it has been held that state officers too may be sued under section 526a. [Citing *Blair* v. *Pitchess, supra,* at p. 267; *California State Employees' Assn.* v. *Williams, supra,* at p. 395, and *Ahlgren* v. *Carr, supra,* at pp. 252-254.]" (P. 618, fn. 38.)

More recently, in *Stanson* v. *Mott* (1976) 17 Cal.3d 206 [130 Cal.Rptr. 697, 551 P.2d 1], our Supreme Court held that a taxpayer had stated a cause of action against the Director of the State Department of Parks and Recreation by alleging that the director had authorized the expenditure of more than $5,000 of public funds to promote the passage of a bond issue for future acquisition of park lands, without express statutory authority. The Supreme Court noted that if the taxpayer could establish at trial that the director did authorize the improper expenditure of public funds, and if plaintiff showed that similar expenditures were threatened in the future, then plaintiff would be entitled to declaratory and injunctive relief, citing *Ahlgren* v. *Carr, supra,* at pages 252-254, and sections 526 and 526a. (*Stanson* v. *Mott, supra,* at pp. 222-223.)

The precise language of section 526a appears to limit its application to actions against officers of a county, town, city, or city and county of the state, or any agent or other person acting on behalf of any of said entities. However, as has been noted, language contained in various Supreme Court decisions declares that the statute is not so restricted in its application. Citing *Ahlgren* v. *Carr, supra* (a case which did not even mention § 526a), the court, in *Blair* v. *Pitchess, supra* (Pitchess was a *county, not* state, official), indicated that state officials could be sued under the provisions of section 526a. Later, in a footnote on page 618 of *Serrano* v. *Priest, supra,* the court stated that "it has been held that state officers too may be sued under section 526a," citing *Blair* v. *Pitchess* and *Ahlgren* v. *Carr,* both *supra.* Again, in *Adams* v. *Department of Motor Vehicles* (1974) 11 Cal.3d 146, 151 [113 Cal.Rptr. 145, 520 P.2d 961, 64 A.L.R.3d 803], some individual plaintiffs sought a writ of mandamus to prevent state officials from enforcing California's garageman's liens as unconstitutional. They were joined in the suit by a taxpayer who was

seeking to prevent state officials from expending state funds in the enforcement of an illegal statute. Without discussion, our Supreme Court assumed that this taxpayer had standing to sue, citing section 526a and *Blair* v. *Pitchess, supra,* as authority.[7] Finally, in *Stanson* v. *Mott, supra,* the court again cited section 526a as authority for plaintiff to institute an action against a state officer for improper expenditure of public funds (pp. 222-223).

In *Duskin* v. *San Francisco Redevelopment Agency* (1973) 31 Cal.App.3d 769, 773-774 [107 Cal.Rptr. 667], this court held that a taxpayer had standing to bring suit to enjoin the redevelopment agency from selling property at less than its fair value. Regarding the standing issue, this court noted that "Significantly, the complaint here was not limited to, or did not specify, Code of Civil Procedure section 526a. *Ahlgren* v. *Carr, supra,* conclusively establishes the right of a taxpayer to bring an action to enjoin the alleged illegal expenditure of public moneys by a state official. Obviously, this same principle would apply to an illegal disposition of public property. Although, strictly speaking, the officers of the Redevelopment Agency are not state officials, the individual respondents are nevertheless officials of an agency created by state law and financed by federal funds. Thus, the rationale in *Blair* v. *Pitchess* would clearly be applicable. The questioned allegations of the instant complaint are based on the alleged disposition of public property at a price far below the 'fair value' requirement, and contrary to the public hearing requirements of the applicable state and federal statutes, and thus are ultra vires acts. Nor can it be argued that the instant action is anything but an action against the individual respondents in their official capacity rather than an action against the Redevelopment Agency itself. Acts of such officials not legally authorized or which exceed or abuse the authority conferred upon them are judicially regarded as their own acts and not acts of the Agency (*Ahlgren* v. *Carr, supra*). It follows that the Agency's general demurrer could not be properly sustained on the basis of Code of Civil Procedure section 526a." (Pp. 773-774.)

In the present case, plaintiffs are suing to enjoin wasteful, and possibly illegal, expenditures of public funds by defendant school district and its officers. Although a school district is not, strictly speaking, a "county,

---

[7]In the recent case of *Gould* v. *People* (1976) 56 Cal.App.3d 909, 921 [128 Cal.Rptr. 743], the court declined to decide whether section 526a extended standing to taxpayers to bring suits against judges as state officials, and denied plaintiffs standing to sue on the basis of judicial immunity and other grounds.

town, city or city and county," but rather a creature of state law,[8] it is hard to understand how this difference has any bearing on the purpose of section 526a, to " 'enable a large body of the citizenry to challenge governmental action which would otherwise go unchallenged in the courts because of the standing requirement.' " (*Blair* v. *Pitchess, supra,* at pp. 267-268, quoting Comment, *Taxpayers' Suits: A Survey and Summary* (1960) 69 Yale L.J. 895, 904.) The interest of a taxpayer in suing a school district to enjoin wasteful expenditures is identical to that of the taxpayer suing a county government to enjoin waste. Given that section 526a is to be liberally construed to achieve its remedial purpose (*Blair* v. *Pitchess, supra,* at p. 268) and that our Supreme Court has already implicitly held that section 526a authorizes a suit against state officials (*Serrano* v. *Priest, supra*; *Adams* v. *Department of Motor Vehicles, supra,* at p. 151; *Stanson* v. *Mott, supra*), there would appear to be no reason why section 526a should not be construed so as to afford plaintiffs standing to sue defendant school district.

With regard to the sufficiency of the allegations to state a cause of action under section 526a, plaintiffs have alleged that defendants will be expending public funds on a consolidation plan that costs a great deal more than alternative plans considered, without a finding of any additional public benefit. Such allegations go beyond a mere difference in judgment between plaintiffs and defendants, and are sufficient to state a cause of action for waste under section 526a. (*City of Ceres* v. *City of Modesto, supra.*)

Since we have concluded that plaintiffs have standing to sue under the provisions of section 526a and that they have properly pleaded a cause of action under that section, we need not determine whether the allegations of their complaint also state a cause of action for ultra vires actions under the common law basis for taxpayers' suits.

The order dismissing plaintiffs' second cause of action is reversed.

Taylor, P. J., and Kane, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied June 16, 1977.

[8]See footnote 5, *ante.*