[Civ. No. 41138. First Dist., Div. Three. Nov. 21, 1978.]

TRIM, INC., Plaintiff and Appellant, v.
COUNTY OF MONTEREY et al., Defendants and Respondents.

## COUNSEL

Gerstl & Gorman and Hugo N. Gerstl for Plaintiff and Appellant.

William H. Stoffers, County Counsel, and Henry I. Jorgensen, Deputy County Counsel, for Defendants and Respondents.

## OPINION

SCOTT, J.—TRIM, Inc. appeals from a judgment entered upon the sustaining of a demurrer without leave to amend. Respondents are the County of Monterey and Donald P. Stewart, Tax Assessor of Monterey County. Appellant TRIM, Inc. is a California nonprofit corporation alleged to be the assignee of causes of action of certain named Monterey County taxpayers bringing the instant action on behalf of Monterey County taxpayers as a class. The corporate name TRIM is an acronym for Taxpayers Revolt in Monterey County.

The complaint sought injunctive relief and damages against the County of Monterey and its tax assessor. The complaint alleged that TRIM represented all real property owners/taxpayers in Monterey County. In an apparent inconsistency, the complaint also alleged that TRIM represented only those Monterey County real property owners/taxpayers who paid or were assessed real property taxes for 1975-1976 based upon assessment of their real property at 100 percent of true fair market value. The gravamen of TRIM's complaint was an allegation that some real

property in Monterey County was properly assessed for property tax purposes at 100 percent of its fair market value, while other property in the county was assessed at substantially less than the fair market value. The complaint alleged that as a result of this discrepancy in assessment, the taxpayers represented by TRIM have paid a disproportionate share of the cost of services provided by the county. The complaint alleged that some taxpayers represented by TRIM filed a claim against the County of Monterey demanding reassessment of real property within the county or payment of damages to the claimants. The claim was rejected by the board of supervisors.

The complaint alleged and appellant contends that the action is authorized by Code of Civil Procedure section 526a, which provides in pertinent part as follows: "An action to obtain a judgment, restraining and preventing any illegal expenditure of, waste of, or injury to, the estate, funds, or other property of a county . . . may be maintained against any officer thereof . . . either by a citizen . . . or by a corporation, who is assessed for and is liable to pay . . . a tax therein."

The primary purpose of section 526a was to give a large body of citizens standing to challenge governmental actions, and California courts have consistently construed section 526a liberally to achieve this remedial purpose. (*Blair* v. *Pitchess* (1971) 5 Cal.3d 258, 269 [96 Cal.Rptr. 42, 486 P.2d 1242, 45 A.L.R.3d 1206].) Taxpayers clearly have standing to challenge *illegal* expenditures of funds by county officials under section 526a (*Blair* v. *Pitchess, supra,* at p. 268), and may also sue to enjoin *wasteful* expenditures (*Los Altos Property Owners Assn.* v. *Hutcheon* (1977) 69 Cal.App.3d 22, 29 [137 Cal.Rptr. 775], hg. den.).

In addition, section 526a has also been construed to authorize a taxpayer to contest the legality of a taxing statute. (*Lundberg* v. *County of Alameda* (1956) 46 Cal.2d 644 [298 P.2d 1], app. dism., 352 U.S. 921 [1 L.Ed.2d 157, 77 S.Ct. 224].) In *Lundberg* a taxpayer challenged the constitutionality of a tax exemption for nonprofit schools as operated by religious organizations. The rationale for this use of section 526a was stated in *Ames* v. *City of Hermosa Beach* (1971) 16 Cal.App.3d 146, 150-151 [93 Cal.Rptr. 786]: "[W]here government funds were employed . . . to enforce laws which are themselves unconstitutional . . . this use constitutes an 'illegal expenditure' in the context of Code of Civil Procedure, section 526a and may be remedied under that section by an injunction sought in a taxpayer's suit."

■ Appellant contends that its cause of action falls within Code of Civil Procedure section 526a because unequal assessment practices result in wasteful expenditure of county funds. Appellant reasons that more equitable assessment practices would mean more county revenues and thus more services could be provided, or conversely, that more equitable assessment would mean that the tax rate could be lowered without a reduction in services. Therefore, the county is now wasting funds.

However, the term "waste" as used in section 526a means more than an alleged mistake by public officials in matters involving the exercise of judgment or discretion. Although the court must not close its eyes to wasteful, improvident and completely unnecessary spending, it should not attempt to enjoin every expenditure which does not meet with a taxpayer's approval. (*City of Ceres* v. *City of Modesto* (1969) 274 Cal.App.2d 545, 555 [79 Cal.Rptr. 168].) A taxpayer complaining of government waste may state a cause of action under section 526a by alleging that funds are being expended for a project with no public benefit and no useful purpose (*City of Ceres, supra,* at p. 556), or for a plan costing much more than any alternative plans considered, without a finding of any additional public benefit (*Los Altos Property Owners Assn.* v. *Hutcheon, supra,* 69 Cal.App.3d 22).

Here, however, appellant makes no objection to any program or project, but merely generally alleges that the county is wasting money because it is not collecting all that it could in revenues. We conclude that these allegations are insufficient to state a cause of action for relief under Code of Civil Procedure section 526a.

We now turn to a consideration of whether appellant should have been granted leave to amend its complaint to attempt to state a cause of action. ■ The principles to be applied to determining the sufficiency of a complaint against a general demurrer and the criteria for granting leave to amend were restated in *Scott* v. *City of Indian Wells* (1972) 6 Cal.3d 541, 549 [99 Cal.Rptr. 745, 492 P.2d 1137]: " 'if upon a consideration of all the facts stated it appears that the plaintiff is entitled to any relief at the hands of the court against the defendants, the complaint will be held good, although the facts may not be clearly stated, or may be intermingled with a statement of other facts irrelevant to the cause of action shown, or although the plaintiff may demand relief to which he is not entitled under the facts alleged.' [Citation.] [¶] . . . 'great liberality should be exercised in permitting a plaintiff to amend his complaint, and it ordinarily constitutes an abuse of discretion to sustain a

demurrer without leave to amend if there is a reasonable possibility that the defect can be cured by amendment.'" Appellant should not be foreclosed from attempting to state a cause of action even though it would not be entitled to the relief sought under the facts alleged. Respondents contend, however, that under no circumstances could appellant state a cause of action since it has not exhausted its administrative remedies prior to seeking judicial relief from an alleged erroneous assessment. As a general rule, prior to seeking judicial relief from an erroneous assessment, a taxpayer must exhaust his remedies before the administrative body empowered initially to correct the error. (*McCaslin v. DeCamp* (1967) 248 Cal.App.2d 13, 15 [56 Cal.Rptr. 42].)

Respondents correctly contend that article XIII, section 16 of the California Constitution provides for county boards of equalization, who shall "equalize the values of all property on the local assessment roll by adjusting individual assessments." The procedures to be followed by county boards of equalization are set forth in Revenue and Taxation Code section 1601 and following.

Revenue and Taxation Code section 1603 establishes that an individual seeking a reduction in his own tax assessment must apply to the county board of equalization. In addition, section 1610.8 authorizes the board, after proper notice, to equalize the assessment of property on the local roll by determining the full value of an individual property and by reducing or increasing an individual assessment.

Appellant contends that its members wanted an increase in the assessments of other property owners rather than a reduction of their own assessments. However, the Revenue and Taxation Code makes no provision for the taxpayer who wishes to so complain, and as such there are no administrative remedies available and the doctrine of exhaustion of administrative remedies is inapplicable.

In *Stevens v. Fox Realty Corp.* (1972) 23 Cal.App.3d 199 [100 Cal.Rptr. 63], a taxpayer filed a petition with a county assessment appeals board to increase the assessment on specific property owned by a realty company. The appeals board ruled that the taxpayer had no right to file such a request, but considered the petition as a request that the board exercise its own inherent jurisdiction to increase the assessment at issue. The board then held a preliminary hearing to determine whether reasonable cause existed to invoke such jurisdiction. The board concluded there was no reason to hold an equalization hearing to determine whether to increase

the assessment on the challenged property. The trial court granted a writ of mandate commanding the board to set aside its order refusing to invoke jurisdiction. On appeal the court reversed, holding that the granting of a hearing upon application with an assessment appeals board to increase the assessment on the property of another is discretionary with the board, and that mandamus will not lie to compel the board to exercise its jurisdiction differently.

In *Stevens,* the court held that while a taxpayer has no statutory authorization to file an application to increase the assessment on property of another person, if such an application is filed the board of equalization may, in its discretion, consider the application as a request that the board exercise its own inherent jurisdiction to increase the particular assessment. In the instant case, no attempt was made by appellant to request the board of equalization of Monterey County to exercise its inherent jurisdiction. We do not, however, perceive that such a request is required as an administrative remedy to be exhausted before judicial relief can be sought.

 Appellant here has variously prayed for an injunction and damages, which appear to be inappropriate relief. However, as against a general demurrer, a plaintiff need only state facts entitling him to some relief. If a cause of action for mandamus has been stated, even though the complaint is not in proper form, the general demurrer should have been overruled. (*Scott* v. *City of Indian Wells, supra,* 6 Cal.3d at p. 546.) The relief available to appellant is for mandamus to require respondents to assess the property of the County of Monterey in accordance with the constitutional and statutory mandate requiring that all property within the county be assessed at the same percentage of its fair market or full value. (Cal. Const., art. XIII, § 1; Rev. & Tax. Code, § 401 et seq.)

In *Knoff* v. *City etc. of San Francisco* (1969) 1 Cal.App.3d 184 [81 Cal.Rptr. 683], four taxpayers filed a petition for a writ of mandate requiring in part an examination of all property tax assessments in the City and County of San Francisco. The petition was based on testimony before a grand jury indicating that the assessor had systematically accorded preferential assessment treatment to certain property taxpayers who bribed him to do so.[1] The court held that no administrative remedies

---

[1]The situation in the City and County of San Francisco gave rise to considerable litigation concerning assessment practices in San Francisco. (See *Lilli Ann Corp.* v. *City & County of San Francisco* (1977) 70 Cal.App.3d 162, 165, fn. 2 [138 Cal.Rptr. 759].)

were a condition to filing that action, as none were available under the circumstances when the taxpayers sought not to reduce their own specific assessments but to bring about examination and correction of wholesale deficiencies in the assessment situation (at p. 199). In *Knoff*, the assessor by mandamus was compelled to take action as required by law. The court made clear that it was not compelling the assessor to act in any particular manner (at p. 197).

*Knoff* is factually different from the instant case in that the *Knoff* assessor had permitted his bribers to omit reporting taxable property, or to report such property at falsely low values which resulted in its underassessment or nonassessment, and he applied preferentially lower assessment ratios to certain properties. The allegations included the names of persons who had given bribes, the dates of transactions, the nature and amount of the bribes, and the assessment or other figures involved. Here, there is no allegation of criminal conduct on the part of the assessor of Monterey County. At oral argument, appellant's counsel stated that no such allegation would be made in an amended complaint. However, appellant asserted that if given an opportunity to amend, appropriate allegations could be made to bring the case within the holding of *Knoff*, predicated on the simple assertion that the manner of assessing property in Monterey County is violative of the statutory mandate that all property be assessed at a specified percentage of its full value.

Although there is a factual distinction between *Knoff* and this case, we do not perceive this distinction to be such that it would not permit appellant here to amend its complaint to allege a cause of action in mandamus. For mandamus to lie, it is sufficient to allege that the assessor has failed to act in accordance with the statutory requirement and those facts upon which appellant bases such allegation; it is not necessary to allege that the assessor has committed criminal acts.[2] However, we find no authority in support of appellant's allegation and prayer for money damages. Absent statutory authorization therefor, appellant cannot claim money damages in its petition to mandate respondents to properly assess the property in the County of Monterey.

---

[2]We need not address arguments made by both respondents and appellant as to the propriety of the manner in which the assessor assesses property within the County of Monterey, as such arguments are premature.

Judgment is reversed with directions to sustain respondents' demurrer with leave for appellant to amend its complaint.

White, P. J., and Halvonik, J., concurred.